210 So.2d 486 (1968)
Ira Dennis MARKMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-512.
District Court of Appeal of Florida. Third District.
May 14, 1968.
Angelo A. Ali, Kenneth L. Ryskamp, Miami, for appellant.
Earl Faircloth, Atty. Gen. and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
The appellant was charged with possession of narcotics, in violation of § 398.03, Fla. Stat., F.S.A. Following non-jury trial, he was adjudicated guilty and sentenced accordingly. He takes this appeal, and the only point preserved for review is the sufficiency of the evidence to support the conviction.
The record on appeal reveals that the appellant and one Fischer had rented an apartment in Miami Beach. Pursuant to a search warrant, municipal police entered said apartment wherein they found contraband, contrary to the statute. The appellant was not present. The evidence indicated that in addition to his and Fischer's right to reside in the apartment, a certain third person named Goldfinger had access thereto and that the appellant spent very little time in the premises. The evidence was also to the effect that between the time the appellant had last been in the premises and the search, at least one-half dozen other people had entered the premises.
The evidence appears to be insufficient to support the judgment of conviction. *487 If the premises had been in the sole custody and control of the appellant the contrary conclusion would apply, and the judgment should be affirmed. However, it is apparent that when the premises were in the joint control of the appellant and others, different principles apply. See: Frank v. State, Fla.App. 1967, 199 So.2d 117, wherein the following is found at page 120:
* * * * * *
"* * * it appears to be established in this state that before one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others. If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is rebuttable and not conclusive. If the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drugs' presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. * * *" [Emphasis added.]
* * * * * *
The instant case is controlled by the latter portion of the quoted provisions, and the proof fails to support the contention that the appellant had the knowledge of the contraband present in the premises. It is recognized that this knowledge may be established by actual incriminating statements, of which there were none in this case, or circumstances from which the jury might infer knowledge. However, other than the mere fact of joint control of the premises, there are no circumstances revealed by this record to support this item of proof. This is not sufficient in a non-exclusive situation. See also: People v. Antista, 129 Cal. App.2d 47, 276 P.2d 177.
Therefore, the judgment and sentence here under review be and the same is hereby reversed and the trial court be and it is directed to discharge the defendant from the cause.
Reversed and remanded with directions.