253 So.2d 450 (1971)
Robert Wayne TORRES, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-176.
District Court of Appeal of Florida, Third District.
October 19, 1971.
Phillip A. Hubbart, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Barry Scott Richard, Asst. Atty. Gen., for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The appellant was found guilty by a jury of the crime of possession of marijuana. He was adjudicated guilty and sentenced to a six year term in the state prison. The question presented on this appeal is whether the evidence was sufficient to establish that the appellant had custody or control over the apartment where the marijuana was found.
The apartment had been watched by the police. A number of people were observed entering and leaving the apartment during the period it was being watched. The police secured a search warrant and knocked on the door. The door was opened and then slammed shut. Two men held the door shut until the police forced their way into the apartment. The marijuana was found in a closet in the bathroom. Appellant's sole connection with the apartment was that he had been there several days. The apartment was rented to a person who was unaccounted for at the trial. Appellant was not the sole occupant of the apartment at any time established by the record. He ordinarily lived at another address with his grandmother.
*451 This is a case where the jury may have inferred from the evidence that appellant had custody of the apartment but the record does not contain sufficient facts to support that inference as the only reasonable inference from the evidence. Therefore the judgment and sentence must be reversed upon authority of the rule stated in Kirtley v. State, Fla.App. 1971, 245 So.2d 282; Markman v. State, Fla.App. 1968, 210 So.2d 486; Frank v. State, Fla.App. 1967, 199 So.2d 117.
Reversed with directions to discharge the appellant.