PER CURIAM.
Appellant was charged with felony possession of marijuana. After a jury trial he was found guilty and sentenced to fourteen months imprisonment.
Appellant was a passenger in a car stopped as it left a construction site around 11:30 p.m. The occupants of the car were assembled at the rear of the car for identification. Sergeant Oscar Perez of the Manatee County Sheriff’s Department approached the car and detected the odor of marijuana in the car. He shined his flashlight in the car and saw a baggie of what proved to be marijuana under the dashboard on the transmission hump. On the floor was a package of cigarette papers. There were ashes in the ashtray, but these were not analyzed. No smoke and no “roaches” were in the car. Appellant was tried jointly with the driver and the owner of the car. At the close of the state’s case a directed verdict of acquittal was entered as to the owner of the car.
The state conceded in oral argument before this court that the record is unclear as to whether appellant was in the front seat of the car where the contraband was found and seized. We cannot ascertain whether appellant had the requisite knowledge of the contraband and the ability to control it or reduce it to his personal dominion that is necessary for a conviction of constructive possession. Spataro v. State, Fla.App.2nd, 1965, 179 So.2d 873. Under the specific factual situation of this case, appellant’s mere presence in the car with the marijuana was insufficient to sustain a conviction. See Taylor v. State, Fla.App.2nd, 1975, 319 So.2d 114.
Reversed and remanded with directions to the trial court to enter its order discharging appellant.
HOBSON, Acting C. J., and BOARD-MAN and GRIMES, JJ., concur.