333 So.2d 103 (1976)
John E. NAST, Appellant,
v.
STATE of Florida, Appellee.
No. 75-655.
District Court of Appeal of Florida, Second District.
June 11, 1976.
*104 Jack O. Johnson, Public Defender, and Steven H. Denman, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
We have for review a case involving incriminating statements obtained as a result of a warrantless arrest, the legality of which is at issue.
Following the lower court's denial of the appellant's motion to suppress his statements, the appellant withdrew his plea of not guilty and entered a plea of nolo contendere to possession of more than five grams of marijuana, reserving his right to appeal the order denying his motion, as permitted by State v. Ashby, Fla. 1975, 245 So.2d 225. The factual basis on which the lower court accepted his nolo plea was provided solely by the incriminating statements. We reverse.
At two o'clock in the afternoon of November 11, 1974, Officer Britts of the Clearwater Police Department observed two young men, one of whom was the appellant, seated on a public bench, apparently talking to one another. Alongside the bench he saw what appeared to be a bundle of clothing, so he decided to find out where the two young men were staying. As he approached them in his patrol car he observed the appellant's companion walk to the seawall and perform a throwing motion. The appellant remained seated at the bench. Britts left his cruiser, walked over to the seawall and observed a plastic baggie containing what appeared to be marijuana. He directed the appellant's companion to retrieve the baggie, examined the contents, and determined that the substance was in fact marijuana; whereupon, he arrested both young men, searched them, and took them into custody. No contraband was found on the person of the appellant. The two were advised of their constitutional rights at the scene and again at the police station. Approximately half an hour later, while in custody, the appellant made incriminating statements to the effect that he and his companion were holding the marijuana for a friend, and that they were preparing to smoke some of it when they saw Britts approaching.
Appellant contends that his arrest was unlawful because Officer Britts lacked probable cause to believe that the appellant had either actual or constructive possession of the contraband. We agree.
In the case at bar it is evident from the record that Officer Britts had no indication that the appellant had ever had actual possession of the marijuana found at the scene. Therefore his decision to arrest the appellant had to be based on the reasonable belief that the appellant had constructive possession.
Constructive possession has been defined as the ability to reduce to actual *105 possession and control. Spataro v. State, Fla.App.2d 1965, 179 So.2d 873; Frank v. State, Fla.App.1st 1967, 199 So.2d 117. In order to establish constructive possession of contraband when the accused does not have exclusive possession of the premises where the contraband is found, actual knowledge of its presence and the ability to control it may not be inferred but must be proven. Frank v. State, supra; Langdon v. State, Fla.App.3d 1970, 235 So.2d 321.
The instant record discloses no evidence on which the arresting officer at the time of the arrest could reasonably conclude that the appellant knew of the presence of the marijuana or had the ability to reduce it to his possession and control. Britts saw only that the appellant was in a public place in the middle of the afternoon, apparently conversing with an acquaintance who was caught disposing of the contraband.
We hold that these facts, without more, were insufficient to constitute probable cause for the appellant's warrantless arrest based on constructive possession. Thus his incriminating statements made within thirty minutes of his unlawful arrest and obtained as a result of his unlawful arrest were inadmissible against him. Fla. Const. Art. I, § 12; Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416; Phelper v. Decker, 5th Cir.1968, 401 F.2d 232; United States v. Owen, 5th Cir.1974, 492 F.2d 1100.
Accordingly, the appellant's incriminating statements are suppressed, the judgment and sentence are reversed and the cause remanded.
McNULTY, C.J., and GRIMES, J., concur.