333 So.2d 500 (1976)
William Roscoe TOMLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-184.
District Court of Appeal of Florida, Second District.
June 18, 1976.
Rehearing Denied July 1, 1976.
Jack O. Johnson, Public Defender, and Robert H. Grizzard, II, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
*501 GRIMES, Judge.
Appellant was adjudicated guilty of shooting into an occupied vehicle and placed on probation for five years. Within the term of his probation, appellant was charged with and convicted of the following crimes: (1) conspiracy to sell a controlled substance, to wit: MDA on March 19, 1974 (felony); (2) sale of a controlled substance, to wit: MDA on March 15, 1974 (felony); (3) possession of a controlled substance, to wit: less than five grams of cannabis on March 19, 1974 (misdemeanor); (4) possession of a controlled substance, to wit: MDA on March 19, 1974 (felony). Appellant was sentenced to five years on each of the felony convictions and six months for possession of cannabis. His probation was also revoked, and he was sentenced to one year for shooting into an occupied vehicle. All of the sentences were concurrent.
An undercover agent made a controlled buy of MDA from appellant on March 15, 1974. The evidence of guilt concerning this crime is clear.
On March 19, the same undercover agent arranged to go to appellant's house to make a larger purchase of MDA. When the agent arrived, appellant told him the MDA wasn't there and that they would have to go get it. When they went outside to get in the agent's car, the police arrived with a search warrant, and appellant was arrested. The police found MDA in a cigarette box on a coffee table in the living room.
Contrary to appellant's contention, we believe that his possession of the MDA on March 19, 1974, was sufficiently proved. Constructive possession may be inferred from incriminating statements or circumstances. Taylor v. State, Fla.App. 2d, 1975, 319 So.2d 114. The appellant was the owner of the house. While others rented rooms in the house, the contraband was not found in these rooms. The appellant was dealing in MDA and had sold some to the undercover agent at the house just four days earlier. The evidence was sufficient to infer knowledge of the presence of the MDA and the ability to maintain control over it. Cf. Frank v. State, Fla.App. 1st, 1967, 199 So.2d 117. Appellant's statement to the agent that they had to go somewhere else to get the MDA tended to rebut the inference, but the jury resolved this issue in favor of the state.
In the course of searching the house, the police found a small quantity of marijuana in an unspecified location. There was no other evidence tending to tie appellant to the marijuana. Thus, the evidence was subject to the reasonable hypothesis of appellant's innocence in that the marijuana may have been in the possession of one of the persons who was renting a room in the house. Cf. Harris v. State, Fla.App. 3d, 1974, 307 So.2d 218.
Likewise, there was insufficient evidence to prove a conspiracy to sell the MDA. The state never did say with whom the appellant was supposed to be conspiring. The undercover agent could not have been the conspirator because where one of two persons who conspire to do an illegal act is an officer acting in the discharge of his duties, the other person cannot be convicted on a charge of conspiracy. King v. State, Fla. 1958, 104 So.2d 730. The only testimony remotely relevant to this count indicated that a man named Snyder may have been present when the undercover agent talked to appellant about the purchase of MDA. By itself, this evidence was not sufficient to prove that appellant and Snyder were guilty of conspiracy.
Appellant's other points on appeal are without merit. Accordingly, the judgments for sale and possession of MDA are affirmed, and the judgments for conspiracy and possession of cannabis are reversed. The judgment entered upon the probation revocation is also affirmed.
BOARDMAN, A.C.J., and SCHEB, J., concur.