PER CURIAM.
The single question presented by this appeal is whether the proof of possession with intent to sell cannabis was sufficient because of the possibility that there was joint possession of the apartment in which the contraband was found. At the time of the execution of the search warrant, two persons were in the apartment, one of whom was the defendant. Later, the appellant admitted to police officers that he was “. . . the occupant and the owner .” of the apartment and delivered the keys to the police. The defendant offered the testimony of the apartment manager that the defendant was not the person who paid the rent, but the manager testified that he had no knowledge of who occupied the apartment.
We conclude that the fact that a person, other than the defendant, was also present at the time of the service of the search warrant and that a person, other than the defendant, regularly paid the rent was not enough to bring this cause within the purview of the rule in Torres v. State, 253 So.2d 450 (Fla. 3d DCA 1971), because of defendant’s admission that he was the owner and occupant and the absence of any testimony that the apartment was jointly occupied with another person.
The State has noted and called to the attention of this court that the sentence imposed is in violation of Martin v. State, 251 So.2d 283 (Fla. 1st DCA 1971); and Dorfman v. State, 351 So.2d 954 (Fla. *730 1977), filed July 28, 1977.[1] Therefore, we affirm the judgment but reverse the sentence and remand the cause for the entry of a sentence in accordance with the cited authorities.
Judgment affirmed; sentence reversed.

. Petition for Rehearing pending.