PER CURIAM.
The defendant Rickey Brownlee was charged by information with possession of cocaine (count 1), possession of heroin (count 2), and possession of not more than five grams of cannabis (count 3). The trial court granted defendant’s motion for judgment of acquittal for the State’s failure to establish a prima facie case on the count charging possession of cocaine and the count charging possession of heroin. The third count was submitted to the jury, which returned a verdict of guilty. Defendant was so adjudged and sentenced to nine months in the county jail. This appeal is from that judgment finding the defendant guilty of the misdemeanor of possession of less than five grams of marijuana.
The evidence viewed in the light most favorable to the jury verdict is that the small amount of marijuana was found in a plastic bag on a night stand located between the two beds in a bedroom which the defendant admitted was “his room.” A young female was in one of the two beds located in that room.
Inasmuch as the marijuana was not hidden in any way, and it is apparent from the record that the room and the area where the marijuana was found was occupied by the defendant and another person, we hold that the judgment must be reversed upon the rule stated in Torres v. State, 253 So.2d *121 450 (Fla. 3d DCA 1971),[1] and authorities cited therein.
Accordingly, the judgment and sentence are reversed and the cause is remanded with directions to discharge the defendant.
Reversed and remanded.

. “This is a case where the jury may have inferred from the evidence that appellant had custody of the apartment but the record does not contain sufficient facts to support that inference as the only reasonable inference from the evidence. Therefore the judgment and sentence must be reversed . . . ”