359 So.2d 458 (1978)
Evaret CLARK, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 77-301 and 77-377.
District Court of Appeal of Florida, Third District.
January 31, 1978.
Rehearing Denied June 28, 1978.
*459 Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender and Harold Long, Jr., Sp. Asst. Public Defender, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HENDRY and KEHOE, JJ.
PER CURIAM.
Evaret Clark appeals his convictions for possession of cannabis and 10 counts of receiving stolen property, and an order revoking his probation as a result of these convictions.
Clark was convicted on the basis of evidence seized from his home pursuant to the issuance of a search warrant based upon the affidavit of James Evans, a private citizen. Prior to his combined non-jury trial and revocation of probation hearing, Clark moved to suppress the evidence seized and after a hearing, the court denied the motion to suppress. Clark was convicted and his probation revoked. These consolidated appeals from the convictions and revocation of probation order ensued.
Clark first contends the trial court erred in denying his motion to suppress because the search warrant was invalid since it was based on the affidavit of James Evans who was not credible. Clark argues that Evans was unworthy of belief because of his previous arrests and the failure of the police to inform Judge Knuck, who issued the warrant, of Evans' past thereby precluding the Judge from properly evaluating Evans' reliability. We cannot agree.
Any argument to the effect that by virtue of his prior convictions, affiant Evans is unworthy of belief as a matter of law is erroneous and contrary to Section 90.08, Florida Statutes (1975).
*460 Also we are not persuaded by Clarks' argument that under the circumstances Judge Knuck could not properly evaluate Evans' reliability and would not have issued the search warrant because he was not advised of all Evans' prior convictions. The record reflects that Judge Knuck was aware that Evans was incarcerated at the time in the county jail and he had been in trouble with the law on previous occasions. Although he was not aware of the extent of Evans' criminal record; nevertheless, he still may have issued the warrant had the full record been before him. Moreover, the fact that Evans admitted to his own criminal participation in the affidavit is an indicia of his reliability and credibility. Cf. U.S. v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); U.S. v. Barfield, 507 F.2d 53 (5th Cir.1975). Finally, we note that Clark failed to establish that the facts set forth in Evans' affidavit are incorrect or insufficient. Cf. State v. Knapp, 294 So.2d 338 (Fla. 2nd DCA 1974). Thus, there was adequate probable cause to issue the warrant.
Clark next contends that the court erred in adjudicating him guilty of possession of cannabis where such unlawful possession was not proven to the exclusion of and beyond a reasonable doubt since no evidence was introduced at trial as to his knowledge of the presence of cannabis or as to his ability to control cannabis. We find this point well taken.
The established law is that if the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drug's presence on the premises and the ability to maintain control over it by the accused will not be inferred but must be established by proof. Harris v. State, 307 So.2d 218 (Fla. 3d DCA 1974).
In the case at bar the evidence reflected that the cannabis was found in a handball container located in a dresser drawer in the bedroom occupied by Clark and his wife. This evidence is clearly circumstantial and insufficient for conviction in that it fails to exclude every reasonable hypothesis of Clark's innocence. See Harris, supra, and Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975). We, therefore, reverse the conviction and sentence for unlawful possession of cannabis.
In light of our holding the search warrant valid, the conviction of receiving stolen property and the order revoking Clark's probation are affirmed.
Affirmed in part, reversed in part.