375 So.2d 633 (1979)
Raymond Michael THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-346.
District Court of Appeal of Florida, Fourth District.
October 10, 1979.
*634 Joseph Mincberg and Peter F.K. Baraban, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
BAKER, JOSEPH P., Associate Judge.
When local police officers executed a search warrant at a residence in Hollywood they found appellant Thompson and two other young men in the house. He was detained in the living room with the two others while the residence was being searched. The searching officers found three kinds of controlled substances in the southeast bedroom, and marijuana was also found under the kitchen sink. All of the illegal drugs were found hidden.
Appellant was the only person prosecuted as a result of this search. He was charged in a three count information with possession of all of the drugs that had been found in the southeast bedroom. One count was for cocaine that had been found in a closet; a second count was for the marijuana that the officers had discovered in a tool box; a third count was for barbiturates that had been uncovered in a dresser drawer. After a non-jury trial appellant was found guilty as charged, and he was later sentenced to five years on each count with the sentences to run consecutively.
It is the State's position that if it proved appellant occupied the bedroom where the drugs were found, then this is sufficient evidence on its own to support a conviction for "constructive possession" of drugs found in the bedroom. To prove that the bedroom was appellant's the State relied on this circumstantial evidence: After the search had been completed and just before Thompson was to be transported downtown for booking he was given an opportunity to clothe himself; he did so by walking to the southeast bedroom and putting on clothing from the closet where the police had found a bag of cocaine hidden in a shoe; electric bills and a pool receipt bearing Thompson's name and the address of the residence being searched were found in this bedroom; appellant's car was parked in the garage at the time of the search, and he had been seen by an officer at this residence earlier in the day on which the search warrant was executed.
The State cited several Florida cases for its position that proof of occupancy of a room is enough to amount to "constructive possession" of drugs found in that room. The oldest case cited is Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965).[1] The court's opinion in Spataro included drugs along with other personal property and affirmed a relationship between proof of occupancy of a place and proof of possession of personal property found in that place. The court said,
The accused has "constructive possession" of a chattel where he has knowledge of its presence coupled with the ability to maintain control over it or reduce it to his physical possession, even though he does not have actual personal dominion. People v. Fox, 1962, 24 Ill.2d 581, 182 N.E.2d 692. The courts have not encountered difficulty where the accused *635 had actual physical possession. Nor have they had difficulty where the accused has had "exclusive" control or access to the property where the chattel was found. This had not been true, however, in those cases where several people have had access to the property, and the defendant had only constructive possession.
It is not occupancy alone, then, but it is "exclusive" occupancy that proves "constructive possession". Emphasizing this point the Spataro court cited with approval language from Evans v. United States, 257 F.2d 121 (9th Cir.1958):
Where one has exclusive possession of a home or apartment in which narcotics are found, it may be inferred ... that such person knew of the presence of the narcotics and had control of them.
* * * * * *
But [where the accused has not been] in exclusive possession of the premises, it may not be inferred that he knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference.
The rule announced in Spataro is certainly clear. Proving control of access to property, such as proof of occupancy, is enough to establish constructive possession if, and only if, it is "exclusive" occupancy.
There is a substantial case authority on what is not exclusive occupancy. Consider Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). It embraced and reiterated at length the Spataro opinion on proving occupancy to establish "constructive possession". As in the Spataro case the defendant Frank had been one of two persons who occupied an apartment where drugs had been found by the police hidden in several places. But there was a critical difference between the two cases. In Spataro the state had brought the roommate as a witness against Ms. Spataro and adduced evidence that the roommate had no possessory interest in, or knowledge of the hidden drugs. Also, the roommate's testimony was that Ms. Spataro had exclusive possession of the dresser drawer where marijuana was found, and Ms. Spataro had made incriminating statements. In Frank the state proved nothing more than joint occupancy of the apartment and that illegal drugs had been found hidden there.
One issue raised by Frank on appeal was the failure of the jury instructions to say that the state had the burden of proving that the defendant knew of the presence of the drugs in the apartment. Frank argued that scienter was an element of the offense, even though § 398.03, Fla. Stat., did not expressly require knowledge of the defendant that he was in possession. Frank also argued that knowledge of hidden drugs could not be proven by only proving occupancy of the apartment where the drugs were hidden.
The court agreed with Mr. Frank and held that the trial judge had erred in refusing the defendant's requested jury instruction on scienter. Then, it went on to say that the jury charge as to possession was erroneous for another reason:
Under the charge given by the court, and relied on by appellee to support the judgment appealed, the jury would first have to infer from appellant's joint occupancy of the apartment that he was in possession of and maintained control over the contraband articles found in the apartment. The jury would then be required to go further and construct upon that inference a further inference that he had knowledge of the presence of such contraband on the premises. Such a process of reasoning to reach the ultimate conclusion, if indulged by the jury, would violate a later portion of the court's charge in which it instructed the jury:
"You are justified in your consideration of the evidence in drawing reasonable inferences from proven facts but inference cannot be based upon inference."
Not only is an inference of possession and knowledge of the drugs an inference upon an inference, but where more than one person had access and control of the place and opportunity to hide drugs in an apartment, this fact and circumstance is consistent with the inference that any one occupant *636 had no knowledge of the presence of the drugs. Hence occupancy of a place to which others have access is a fact and circumstance that, by itself, is as consistent with innocence of any one occupant as it is consistent with his guilt if the drugs are hidden.
Of course, if the possibility of others having access to the place where the drugs were hidden is excluded by the evidence such as the proof that Ms. Spataro used the dresser drawer where the marijuana was found to the exclusion of all others, then the proof goes a good way beyond proof of mere occupancy of a place where drugs have been hidden. Perhaps the rule as stated in Spataro and Frank should be restated that proof of occupancy is not sufficient to prove scienter as to hidden drugs unless proof is adduced that excludes the possibility of possession and scienter by others. That is simply reaffirming the state's burden of proving circumstances that are consistent with no other reasonable hypothesis than the guilt of the accused.
Between them, Spataro and Frank produced numerous offspring of constructive possession cases where the state was relying on proof of occupancy of a vehicle, room or other place as its proof of the defendant's constructive possession, including knowledge by the accused of the drugs found there. See, e.g., Britton v. State, 336 So.2d 663 (Fla. 1st DCA 1976); Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976); Nast v. State, 333 So.2d 103 (Fla. 2d DCA 1976); Tanksley v. State, 332 So.2d 76 (Fla. 2d DCA 1976); Moore v. State, 325 So.2d 466 (Fla. 4th DCA 1976); Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975); Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975); Medlin v. State, 279 So.2d 41 (Fla. 4th DCA 1973); Griffin v. State, 276 So.2d 191 (Fla. 4th DCA 1973); Torres v. State, 253 So.2d 450 (Fla. 3d DCA 1971); Langdon v. State, 235 So.2d 321 (Fla. 3d DCA 1970); and Markham v. State, 210 So.2d 486 (Fla. 3d DCA 1968). These cases, like their progenitors Spataro and Frank themselves, recite the dicta that constructive possession is provable by evidence of occupancy while reversing a conviction based on occupancy alone.
The state's argument that mere occupancy of a place where drugs are found is enough to go to the jury on constructive possession of the hidden drugs had to be rejected in the cited cases because if constructive possession could be based on occupancy alone, it could be proven in cases where the drugs are hidden without any evidence of the intention of the accused to exercise any dominion or control over the drugs and without any act or word by the accused with respect to the drugs. To accept occupancy, alone, as proof of possession of drugs would mean the potential to possess drugs illegally would be construed to be as much a crime as physically possessing them.
The state has advanced in this and other cases an alternative argument that possession of illegal drugs can be proven to be joint possession based on joint occupancy, citing Bourg v. United States, 286 F.2d 124 (5th Cir.1960). Joint possession (licit and illicit) of personal property is a fact of life. Bourg is a good example of a case where two occupants of a car were both proven by their activities in concert and other evidence to have possession of the contraband. That is a different matter from saying as a matter of law that both occupants must have constructive possession of drugs where the evidence is consistent with only one exercising control and having knowledge of the drugs while the other has neither control nor scienter.
In saying that the principles announced in Spataro are clear from its language and later cases we must take into account the Florida cases finding constructive possession that might have been based on occupancy of a vehicle or place where drugs were found. Porter v. State, 302 So.2d 481 (Fla. 3rd DCA 1974) is one example, but in that case the defendant had been seen in possession of the marijuana in addition to being an occupant of the vehicle where the marijuana was found. Amato v. State, 296 So.2d 609 (Fla. 3rd DCA 1974) is another case that affirms a conviction citing Spartaro *637 and the quoted dicta, but there were fingerprints of the accused in the bag of marijuana, suspicious behavior and other factors that established guilt making it inapposite authority on the issue of constructive possession as proven by occupancy alone of a place where drugs are found. Tomlin v. State, 333 So.2d 500 (Fla. 2d DCA 1976) cited Frank and talked about constructing possession of a controlled drug from the fact that the drug was found in a house owned and occupied by the defendant and others, but the defendant had also made incriminating statements to police in offering to make a sale of the drug and had made an earlier sale to officers of the drug he was charged with possessing.
A very recent case may have upheld a conviction on constructive possession from occupancy alone under the Spataro definition. In Thames v. State, 366 So.2d 1261 (Fla. 1st DCA 1979) the opinion is so brief as to be cryptic, but it reads as an endorsement of Spataro that proof that the accused occupied a room either exclusively or jointly with others is sufficient to support a conviction of possession of illegal drugs found out of plain view in that room. If that is what the case holds, it has not taken into account what Spataro and Frank and their progeny cited above said and held.
From the circumstances the state proved at the trial of appellant Thompson it could certainly be inferred that his presence in the Hollywood residence was more than transitory. It could be inferred that Thompson was an occupant of the residence. But as was pointed out in the Frank case, to convict Thompson it had to be inferred that he was an occupant of the southeast bedroom; then, from his occupancy of the bedroom it had to be inferred that he was in possession of everything in the bedroom; from occupancy and inferred possession it had to be inferred that he knew of each of the illegal drugs being in the bedroom. We agree with the Frank case that this pyramiding of inferences is impermissible for a criminal conviction.
Even assuming that appellant Thompson occupied the southeast bedroom, the evidence was equivocal as to whether other persons were also occupants of that bedroom. The officers were uncertain as to just which articles of clothing appellant took from the closet, and at best for the prosecution's case it was a pair of shoes and a shirt. Evidently the shoes and shirt fit appellant, but Thompson is small of stature and wears shoes and clothing in sizes that are commonly worn by women. That became pertinent because the testimony was that the shoes and shirt were of a style and type that are worn by both women and men, and a lease to the residence was found in that southeast bedroom to a lessee named Barbara, a name that is usually worn by a woman. (Proffered testimony of one of the two males who were arrested with appellant was that the shirt Thompson put on was not Thompson's but the witness' shirt. Because of our decision in this case it is not necessary to rule on the correctness of excluding that testimony.) The evidence does not support a finding that appellant was the exclusive occupant of that bedroom. It is not necessary to consider whether exclusive possession of that bedroom by appellant would have been sufficient evidence to support his conviction.
The trial court erred in denying appellant's motion for judgment of acquittal at the end of the state's case. This conviction of appellant on all three counts in the information is reversed and remanded with directions to discharge the appellant.
ANSTEAD, J., and CROSS, SPENCER C., Associate Judge, concur.
NOTES
[1] The drug law on which the defendant was prosecuted in Spataro was § 398.03, Fla. Stat., that made it illegal "to ... possess" marijuana. The court interpreted this as a prohibition of "physical or constructive possession". At that time there were two anti-drug statutes in Florida. In § 404.02(4) and (5), Fla. Stat., "constructive possession" of marijuana was expressly prohibited, and so the Spataro opinion coming up with "constructive possession" as included in § 398.03 cannot be said to be creating something out of whole cloth. These two precursor drug statutes were revised and consolidated in chapter 893, Fla. Stat., as the "Florida Comprehensive Drug Abuse Prevention and Control Act" by the 1973 legislature. Under the 1973 legislation § 893.13(1)(e) made it illegal "to be in actual or constructive possession of a controlled substance." Appellant Thompson was prosecuted under that statute.