380 So.2d 1174 (1980)
Joe Nathan GAYNUS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-52.
District Court of Appeal of Florida, Fourth District.
March 12, 1980.
*1175 Craig C. Keller, of Keller & Keroff, P.A., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Defendant appeals convictions for possession of heroin with intent to sell, possession of cocaine with intent to sell, and possession of paraphernalia. The State relied on a constructive possession theory to prove its case. Appellant contends that the evidence is insufficient to establish constructive possession. We agree with this contention and reverse.
The police executed a search warrant at a residence jointly occupied by appellant and at least three others. Appellant was not the owner of the premises, and although he was present at the time, others were also present. Drugs were discovered in a closet in the northwest bedroom and in a closed briefcase in the kitchen. The alleged paraphernalia was found in kitchen cupboards and in the pantry.
Constructive possession exists where the accused, without physical possession of the controlled substance, knows of its presence on or about his premises and has the ability to maintain control over said controlled substance. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). As stated in Hively at 129:
If the premises on which the controlled substance is found is in the exclusive possession and control of the accused, knowledge of the presence of said controlled substance on the premises, coupled with accused's ability to maintain control over it, may be inferred. If the premises on which the controlled substance is found is not in the exclusive but only in the joint possession of the accused, knowledge of the presence of said controlled substance on the premises and the accused's ability to maintain control over it will not be inferred but must be established by proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the controlled substance on the premises, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the controlled substance on the premises.
In the instant case, there is no evidence that appellant had exclusive possession of any portion of the premises where the drugs or alleged paraphernalia were discovered. Likewise, there is no evidence linking appellant to the briefcase. Lastly, there is no evidence that appellant had actual knowledge of the contraband nor is there any evidence of incriminating statements or circumstances from which the jury might have inferred such knowledge. Thus, the instant convictions must be reversed. The case is remanded to the trial court with directions that the defendant be discharged.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.