BERANEK, Judge.
Defendant appeals his conviction and sentence after an adverse jury verdict on the charges of (1) possession of cocaine, (2) possession of cannabis in excess of five grams, (3) possession of hashish, and (4) possession of narcotic paraphernalia. Defendant was found guilty on each charge and sentenced to five years for each offense to be served consecutively.
This is a complicated case involving wiretaps, search warrants, proof of constructive possession, the overall sufficiency of the evidence and other issues. The facts in brief are as follows:
Pursuant to a search warrant, police searched the home of a person suspected of being involved in major drug dealings. The search resulted in the seizure of relatively small amounts of drugs which formed the basis for the charges herein. Prosecutions against three separate defendants grew out of the search. Appellant was found guilty on all charges and given the maximum sentence on each.
Appellant’s brief states five points on appeal which actually contained numerous sub-issues. These points, as stated by appellant, are as follows:
POINT I
THE TRIAL COURT, IN ADMITTING EVIDENCE, RULING ON MOTIONS AND DENYING THE MOTION FOR JUDGMENT OF ACQUITTAL, MISUNDERSTOOD AND MISAPPLIED THE LAW REGARDING CONSTRUCTIVE POSSESSION UNDER CIRCUMSTANCES WHEREIN A PREMISES IS JOINTLY OCCUPIED BY MORE THAN ONE PERSON. ADDITIONALLY, WITH RESPECT TO ADMISSION OF MARIJUANA SEEDS AND THE ALLEGED “COKE SPOON” THE COURT MISAPPLIED THE STATUTORY LAW REGARDING FELONY POSSESSION.
POINT II
THE COURT ERRED IN OVERRULING APPELLANT’S MOTION TO SUPPRESS AND SUPPLEMENTAL MOTION TO SUPPRESS THE FRUITS OF THE SEARCH WARRANT AND BY ADMITTING THE ITEMS SEIZED SINCE THE APPLICATION FOR THE WARRANT DID NOT STATE FACTS SUFFICIENT TO CONSTITUTE PROBABLE CAUSE AND CONTAINED MATERIALLY FALSE ALLEGATIONS AND SINCE THE WARRANT DID NOT ADEQUATELY DESCRIBE THE ITEMS TO BE SEIZED.
POINT III
THE TRIAL COURT ERRED IN DENYING DEFENDANT’S MOTION TO SUPPRESS THE FRUITS OF ELECTRONIC SURVEILLANCE, SINCE THE AUTHORIZATIONS THEREFOR WERE NOT BASED UPON LEGALLY SUFFICIENT AFFIDAVITS OF PROBABLE CAUSE AND THE INFORMATION CONTAINED THEREIN WAS “STALE” AS DEFINED BY THE FLORIDA SUPREME COURT.
POINT IV
THE TRIAL COURT ERRED IN DENYING DEFENDANT ACCESS TO RECORDS AND TAPES OF THE WIRETAP ON THE DADE COUNTY PHONE OF MARLENE HUDSON AND IN DETERMINING THAT DEFENDANT WAS NOT AN AGGRIEVED PARTY WITH *1069 RESPECT TO SAID TAPS, INASMUCH AS THE HUDSON TAP ALLEGEDLY RECORDED CONVERSATIONS FROM THE 28TH COURT ADDRESS AND PROVIDED THE BASIS FOR THE BROWARD COUNTY WIRETAPS AND ULTIMATELY LED TO THE SEARCH OF THAT PREMISES AND THE ARREST OF THE DEFENDANT THEREIN.
POINT V
FUNDAMENTAL ERROR WAS COMMITTED WHEN THE COURT PERMITTED THE PROSECUTOR TO DISPLAY EVIDENCE TO THE JURY WHICH THE PROSECUTOR ADMITTEDLY NEVER INTENDED TO INTRODUCE INTO EVIDENCE AND TO ARGUE POINTS NOT SUPPORTED BY THE EVIDENCE.
As indicated, appellant’s attack is multifaceted and seeks reversal based upon alleged errors in almost all pretrial and trial proceedings. We reverse in part and affirm in part.
Defendant was convicted of possessing “coke spoons” with the intent to use said paraphernalia for unlawfully administering cocaine contrary to Section 893.-13(3)(a)(4) and Section 893.13(3)(b), Florida Statutes (1979). We conclude error occurred in regard to his conviction and sentence for this offense. The evidence was insufficient to show intent to use any particular paraphernalia for the administration of drugs. We thus reverse the conviction on this count.
We affirm defendant’s convictions in all other respects. The wiretaps and warrant procedures prior to the search were proper and not tainted as asserted by defendant. The trial was fair and we reject the defendant’s many arguments as to the insufficiency of the overall evidence. We reach the same conclusion regarding constructive possession. Defendant occupied a house with others and the evidence was that various small amounts of drugs were found in most rooms in the house including defendant’s bedroom and in his clothes.
Some of these items were in plain view and others were in common areas. After a complete review of all the evidence, we conclude that constructive possession was demonstrated. Yager v. State, 370 So.2d 1230 (Fla. 4th DCA 1979), cert. denied 381 So.2d 771 (Fla.1980), Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978), and Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978), cert. denied 370 So.2d 462 (Fla.1979). We also reject defendant’s arguments in that certain items not in evidence were shown to the jury. The record is vague on this issue and we conclude any error which may have occurred was not sufficient to warrant reversal.
AFFIRMED IN PART AND REVERSED IN PART.
MOORE and HURLEY, JJ., concur.