ERVIN, Judge,
dissenting.
The arresting officer’s testimony reveals that in August, 1979, at 10:00 p. m., the officer saw two juveniles sitting next to each other on a wall on school grounds, and upon approaching them, he smelled the odor of marijuana. After placing both of them *887 inside the patrol car he noticed a small marijuana cigarette where the two had been sitting. Found behind the wall were a large number of marijuana cigarettes. Following questioning, appellant admitted smoking the “roach” and that the marijuana cigarettes belonged to him and his companion.
The rule recognized in Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967) is that when the state seeks to convict one who is in joint possession of drugs, it must present evidence showing the defendant’s knowledge of the drugs’ presence on the premises and the ability of the defendant to maintain control over them. In my judgment, the delinquency adjudication was amply supported by evidence of both factors. One of the means of establishing knowledge is “by actual incriminating statements... . ” Markman v. State, 210 So.2d 486, 487 (Fla.3d DCA 1968). Although the companion testified at the delinquency hearing that the marijuana was his, this testimony was refuted by that of the interrogating officer, who, as observed, stated that appellant advised him the marijuana belonged to both him and his friend. The trier of fact was privileged to reject one witness’s testimony in favor of another’s. This statement, together with other evidence revealing appellant’s close proximity to the drugs, requires that the adjudication be affirmed.