412 So.2d 420 (1982)
James Frederick BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-459.
District Court of Appeal of Florida, Fourth District.
April 14, 1982.
*421 Robert L. Saylor of Saylor, Ingalsbe & Cohen, North Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal from a conviction for possession of marijuana in excess of five grams in violation of Section 893.13(1)(e), Florida Statutes (1977). The appellant was charged with possession of marijuana in excess of five grams, possession of hashish, and possession of PCP. The jury acquitted the appellant of the latter two charges.
The appellant raises numerous points on appeal, only one of which merits discussion; that is, the sufficiency of the evidence as to constructive possession.
During the evening hours of April 26, 1978, law enforcement officers executed a search warrant at a residence owned by the appellant. The residence had been under surveillance for approximately one year. During that period of time, the appellant had been observed entering and leaving the house on a number of occasions. When the warrant was served, the appellant opened the door and was seated by the officers in the living room. There were two persons living in the house with the appellant, and they were present when the warrant was executed. Marijuana was found in the following places: (a) five grams in an ash tray on the coffee table in the living room, (b) 54 grams in a plastic cup in the door panel inside the refrigerator, (c) 826 grams in a locked beer dispenser in the kitchen, (d) some amount in a coffee cup in the cabinet above the beer dispenser, (e) several bags of *422 seeds in the garage, (f) a container of seeds in the kitchen cabinet, and (g) a bottle of seeds on the bar in the family room. A search also disclosed the following narcotic paraphernalia: (a) a glass mirror, (b) a strainer, (c) a razor, (d) plastic bags and cigarette papers on the kitchen counter, (e) surgical clips on the coffee table in the living room, (f) pipes and containers in the garage, (g) spoons, papers, mirrors, and plastic funnels in the bar in the family room, (h) a bottle of manitol (a cutting agent) in the garage, (i) six pipes, hashish, and 150 milligrams of PCP on the bar shelves in the family room, (j) hashish in a car belonging to one of the residents parked outside the home, and (k) other drugs found in one resident's bedroom. At issue is whether the State presented a prima facie case of constructive possession based on these facts.
In order to convict an accused of constructive possession, the State must prove that he had dominion and control over the contraband, had knowledge that the contraband was within his presence, and had knowledge of the illicit nature of the contraband. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981); Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). If the area in which a contraband substance is found is within the exclusive possession of the accused, his knowledge of its presence, and his ability to maintain control over it, may be inferred. If the area is only in his joint possession, his knowledge of the presence of the contraband on the premises and his ability to maintain control over it will not be inferred but must be established by other proof. This proof may consist of circumstantial evidence from which a jury might properly infer that the accused had knowledge of the presence of the contraband and an ability to control it. Wale v. State, supra.
We believe that the facts brought out at trial were sufficient to create a jury question as to the appellant's constructive possession of the marijuana. This is not a situation where three people shared an apartment as co-tenants or roommates with equal rights in that apartment. Here the appellant owned and lived in the house and had superior possessory rights. He received mail there, paid the household bills, and was residing there immediately prior to the events in question. The marijuana and narcotic paraphernalia were in plain view. Given that the appellant lived in his own home literally in the midst of all the seized drugs and paraphernalia, a jury could reasonably infer, as it did in this case, that the appellant had dominion and control over the premises and its contents. See United States v. Davis, 562 F.2d 681 (D.C. Cir.1977); United States v. Herron, 567 F.2d 510 (D.C. Cir.1977).
Notwithstanding our conclusion that the evidence was sufficient to sustain appellant's conviction we recognize that the case law in this area is far from clear. This issue is further addressed in Judge Rivkind's dissent and Judge Anstead's special concurrence. Because this has been a recurrent problem which has proven troublesome to trial courts and appellate courts alike we hereby certify the following questions to the Supreme Court as being of great public importance:
1. DOES OWNERSHIP AND JOINT OCCUPANCY OF A PREMISES WHERE ILLEGAL DRUGS ARE DISCOVERED IN PLAIN VIEW, IN THE PRESENCE OF THE OWNER, CONSTITUTE SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR CONSTRUCTIVE POSSESSION AS TO THE OWNER OR AS TO A LESSEE UNDER THE SAME CIRCUMSTANCES?
2. WHERE TWO OR MORE PERSONS JOINTLY OCCUPY PREMISES AND ILLEGAL DRUGS ARE DISCOVERED IN PLAIN VIEW, IN THEIR PRESENCE, IS SUCH PROOF, WITHOUT MORE, SUFFICIENT TO SUPPORT A CONVICTION FOR CONSTRUCTIVE POSSESSION AS TO EACH PERSON?
The judgment and sentence of the trial court are hereby affirmed.
*423 ANSTEAD, J., concurs specially, with opinion.
RIVKIND, LEONARD, Associate Judge, dissents, with opinion.
ANSTEAD, Judge, specially concurring:
I concur in Judge Beranek's opinion and agree that the questions certified are of great public importance. The concept of constructive possession has proven to be a difficult concept to define and, once defined, even more difficult to apply to facts similar to those present herein. In essence, at issue is whether an owner and co-tenant may, simply by reason of his knowledge of the presence of a controlled substance on the premises, be deemed to be in possession of such substance. As Judge Rivkind notes, there are numerous Florida appellate decisions which appear to hold that evidence similar to that produced herein is insufficient to establish constructive possession. There are, of course, also as noted by Judge Rivkind, cases which reach a contrary result.
On the other hand, when one considers the definition of constructive possession contained in the standard jury instructions and given to the jury here, it is easier to understand how the jury could find the evidence sufficient:
Possession may be actual or constructive. If a thing is in the hand, or on the person, or in a bag or container in the hand or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.
If a thing be in a place over which the person has control and knowledge of its presence, or in which the person has hidden or concealed it, it is in the constructive possession of that person.
Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In such case, each of such persons is legally in possession of that article.
This instruction permits conviction based upon evidence of knowledge and control over the place where the contraband is located, in this case a residence, as opposed to evidence of control over the contraband itself. The instruction further provides for joint possession thereby clearing the way for joint occupants of a residence to be subject to conviction for constructive possession where there is evidence that they had knowledge of the presence of the contraband. However, as noted by Judge Rivkind, there are numerous cases which appear to hold that in cases of joint possession there must not only be evidence of knowledge, there must also be independent evidence of control of the contraband itself. If this analysis is correct, it would appear that the cited case law and the instruction are in conflict.
Underlying all of this is the question of how far the legislature intended to go in restricting a person's contact with illegal drugs. Was the legislative net intended to catch persons who simply had joint control over premises in which they knew that others possessed contraband? Or did the legislature intend that only those who had some legal possessory interest in the contraband, or intent to possess, were to be held criminally responsible? The case law cited by Judge Rivkind would appear to suggest the latter while the standard jury instruction would suggest the former. In simply prohibiting actual or constructive possession the legislature has given us little guidance on this issue. Ordinarily, however, in order for a person to be guilty of criminal conduct he must have intended to do the act which has been made unlawful, here possession of illicit drugs. That being so it would appear that the state should be required to prove that the defendant intended to possess the contraband contrary to the provisions of the law. No such requirement is contained in the standard jury instruction and there is little discussion of this matter in the case law. Perhaps that is what is meant by ability to "control." In any case we are all in agreement that the law is far from clear on this issue and a resolution by the Supreme Court will be welcomed.
RIVKIND, LEONARD, Associate Judge, dissenting:
The facts are fully detailed in Judge Beranek's opinion. While the reported cases involving constructive possession of narcotics *424 have not been a model of consistency, on the whole, nevertheless, similar evidence as exists sub judice has resulted in numerous reversals of convictions.[1] The cases are *425 rare in which a constructive possession conviction survives an appeal.[2]
I find myself in agreement with much of Judge Anstead's specially concurring opinion. However, I am unwilling to join the majority affirmance solely because of what I perceive to be unequal treatment when this case is considered in the light of numerous reversals involving facts which, when compared herewith, are indistinguishable.
Since the defendant was not in actual physical possession of the marijuana, the conviction had to rest on constructive possession. As stated in Sindrich v. State, 322 So.2d 589, 591 (Fla. 1st DCA 1975), the following principles are applicable to constructive possession cases:
(1) The State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on the premises.
(2) If the premises are in the exclusive possession and control of the accused, knowledge of the presence of the narcotic drugs coupled with his ability to maintain control over them may be inferred, but the inference is rebuttable and not conclusive.
(3) If the premises are in the joint possession of the accused, knowledge of the presence of drugs, the drug's presence and ability to maintain control will not be inferred, but must be established by proof.
(4) Proof of knowledge of the presence of drugs may consist of evidence establishing actual knowledge, or evidence of incriminating statements and circumstances from which a jury might lawfully *426 infer knowledge by the accused of the drug's presence.
(5) Such inference must be reasonable from proven facts but not based upon inference.
The proofs sub judice fall short of stripping the defendant of the presumption of innocence. The proofs considered by the jury fall within the category of a mere probability of guilt and not proof of guilt beyond and to the exclusion of every reasonable doubt. Precedent commands reversal.[3]
Ergo, I dissent.
NOTES
[1] The following convictions were reversed: Smith v. State, 279 So.2d 27 (Fla. 1973). Illegal drugs found along with woman's costume jewelry in a dresser drawer in bedroom jointly occupied by defendant and his wife. Court held that knowledge cannot be inferred because defendant is head of household; D.K.W. v. State, 398 So.2d 885 (Fla. 1st DCA 1981). Appellant and co-defendant admitted smoking marijuana which was discovered in a public place, behind a wall at a school, in special proximity equally near both boys. The co-defendant testified that it was his marijuana; Shad v. State, 394 So.2d 1114 (Fla. 1st DCA 1981). Marijuana was discovered in trunk of automobile in which defendant was a passenger concealed under a blanket on top of which were clothes belonging to defendant; Gaynus v. State, 380 So.2d 1174 (Fla. 4th DCA 1980). Defendant did not own but occupied premises with others where drugs or paraphernalia were discovered in a bedroom, briefcase, kitchen cupboards and pantry; Thompson v. State, 375 So.2d 633 (Fla. 4th DCA 1979). Defendant and two other men present when illegal drugs discovered in a bedroom where defendant kept his clothes. Evidence did not support finding defendant was the exclusive occupant of the bedroom. Exclusive occupancy, not occupancy alone, proves constructive possession; Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979). Defendant was go-between in sale of marijuana. Defendant knew of presence but no evidence the marijuana belonged to him or was under his control; Falin v. State, 367 So.2d 675 (Fla. 3d DCA 1979). Hotel room registered to defendant and occupied by him and girl friend. Illegal drugs found in a suitcase containing a BB gun owned by defendant. Defendant was not present when search occurred; Clark v. State, 359 So.2d 458 (Fla. 3d DCA 1978). Marijuana found in a handball container located in a dresser drawer in bedroom occupied by defendant and his wife; Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978). Marijuana found in unlocked center console with defendant behind the wheel of parked automobile in which four other persons were present. Held that even if defendant owned the automobile (not established) he had only joint possession and control over the vehicle. There was no evidence defendant knew of presence of marijuana. Passengers had equal access and mere proof of ownership alone of a vehicle does not permit an inference of knowledge of presence; Brownlee v. State, 354 So.2d 120 (Fla. 3d DCA 1978). Marijuana found in a plastic bag on a night stand located between two beds in a bedroom which defendant admitted was his room. A young female was in one of the two beds located in that room; Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977). Illegal drugs secreted in defendant's wheelchair. Other inmates of prison had access to wheelchair out of defendant's presence; Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). Defendant was owner of premises but out of town during search. Illegal drugs found in kitchen which was easily accessible to all persons entering the premises; Jordan v. State, 344 So.2d 1294 (Fla. 3d DCA 1977). Marijuana found in apartment in which defendant resided with female roommate; Britton v. State, 336 So.2d 663 (Fla. 1st DCA 1976). This is the "plain smell" case in which the odor of marijuana emanated from a trailer in which defendant and two others were present. No one was smoking. Substantial quantity of marijuana found in trailer. The reversal may have been based on illegal search; Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). Defendant was the operator of a borrowed automobile in which another was a passenger. A bag of marijuana was in close proximity to defendant. There were two roaches and a roach clip in the ash tray, a pipe on the center console and the smell of marijuana was present in the automobile. There was evidence that others had been in the automobile before defendant borrowed it and that defendant did not see the bag, roaches or roach clip; Tomlin v. State, 333 So.2d 500 (Fla. 2d DCA 1976). House owned by defendant in which others rented rooms. Marijuana discovered in unspecified location; Townsend v. State, 330 So.2d 513 (Fla. 4th DCA 1976). Contraband in automobile held not in exclusive possession of passenger; Thiel v. State, 326 So.2d 460 (Fla. 4th DCA 1976). Marijuana found under dashboard of automobile in which defendant was passenger; Moore v. State, 325 So.2d 466 (Fla. 4th DCA 1976). Controlled substance and paraphernalia found in an automobile jointly occupied by defendant and its co-owner; Sindrich v. State, 322 So.2d 589 (Fla. 1st DCA 1975). Marijuana found in trunk of rental truck. Defendants were college students hired to drive the truck to Columbus, Ohio from Miami. Defendants denied knowledge of contents of trunk; Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975). Barbituates found under bed in which defendant had been resting and also in dresser drawer. Apartment occupied by defendant and wife. Defendant had been out of town immediately prior to search and several persons had been seen going in and out of the apartment the evening of the search. Defendant denied all knowledge of presence; Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975). Defendant was visitor in close proximity to marijuana in the living room while others were also present; Hilding v. State, 291 So.2d 111 (Fla. 4th DCA 1974). Defendant drove wife to post office where she received in her rental box an envelope containing a Christmas card and packet of cocaine. Wife as co-defendant had been acquitted by jury; Mosley v. State, 281 So.2d 590 (Fla. 4th DCA 1973). Drugs found in apartment occupied by defendant's paramour. Defendant occupied apartment sporadically; Medlin v. State, 279 So.2d 41 (Fla. 4th DCA 1973). Defendant owned residence but was not present at time of search. Defendant's brother and two other persons were present when search was conducted; Griffin v. State, 276 So.2d 191 (Fla. 4th DCA 1973). Contraband discovered in various places of residence occupied by defendant. Many persons, including the defendant, were seen going in and out of the residence during the week prior to the raid; Torres v. State, 253 So.2d 450 (Fla. 3d DCA 1971). Marijuana was found in closet and bathroom of apartment rented to another but occupied by defendant for several days; Kirtley v. State, 245 So.2d 282 (Fla. 3d DCA 1971). Defendant rented motel facilities which he shared with a female. Many persons were seen going in and out on the day in question; Langdon v. State, 235 So.2d 321 (Fla. 3d DCA 1970). Marijuana found in bus which defendant and others lived. Eight persons were present in bus when contraband discovered; Markman v. State, 210 So.2d 486 (Fla. 3d DCA 1968). Defendant was co-lessee of apartment and not present when contraband was found. Other persons also had access to premises. See, also, Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967) and Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965).
[2] The following convictions were affirmed: Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). Search of residence in which defendant, his wife and children resided disclosed a bag containing marijuana in defendant's closet and bore his name and address; Robinson v. State, 389 So.2d 1067 (Fla. 4th DCA 1980). Drugs found in defendant's bedroom and in his clothes in house occupied by defendant and others; Sanders v. State, 378 So.2d 880 (Fla. 1st DCA 1980). Facts that defendant owned the automobile and the other occupants denied knowledge of the marijuana were sufficient to withstand motion to dismiss; Thames v. State, 366 So.2d 1261 (Fla. 1st DCA 1979). Marijuana found in drawer in bedroom when defendant was sleeping. Other persons shared occupancy of residence. The drawer contained mail addressed to defendant and his picture hung on wall of bedroom; Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978). Defendant alone in hotel occupied by her and boy friend, the latter being the registered guest, when marijuana and pipe found in plain view on dresser; Norman v. State, 362 So.2d 444 (Fla. 1st DCA 1978). Defendant admitted he knew marijuana was in barn on farm he rented; Norris v. State, 351 So.2d 729 (Fla. 3d DCA 1977). Defendant owner and occupant of apartment in which marijuana was found when defendant and another present at time of search. No evidence apartment jointly occupied with another person; Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977). Smell of marijuana and sight of smoke emanating from an automobile occupied by more than one person; Zicca v. State, 232 So.2d 414 (Fla. 3d DCA 1970). Marijuana in open view in bus owned and operated by defendant with three other persons in vehicle. See, also, Davis v. State, 350 So.2d 834 (Fla. 2d DCA 1977) and Lattimore v. State, 214 So.2d 771 (Fla. 3d DCA 1968) (lottery tickets).
[3] Compare the facts summarized in the cases cited in footnotes 1 and 2 with the facts of the instant case.