# STATE OF FLORIDA v PLUMMER

## Case No. 87-024794MM-A02

County Court, Palm Beach County, Florida

December 16, 1987

### APPEARANCES OF COUNSEL

**Carrie Soden,** Assistant State Attorney, for plaintiff.
**Richard Springer** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CAUSE WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress evidence alleged to have been seized in an illegal search and the Court having heard testimony of witnesses and argument of counsel, hereby grants the motion.

The facts of the case are not in dispute. The Defendant was a passenger in the rear of a car which was the subject of a traffic stop. In plain view on the floor, on the front passenger side of the car, was an open bag containing what reasonable appeared to be marijuana and smoking paraphernalia, the view of which was partially occluded by the legs of a co-defendant. All four occupants of the vehicle were placed under arrest for possession of marijuana and searched pursuant thereto. Marijuana was found on the Defendant and he was subsequently charged with possession.

The Defendant asserts that his arrest was not supported by probable cause and therefore the fruits of the subsequent search, being a variety of poison fruit, must be suppressed.

Probable cause is defined as facts or circumstances known by the officer which reasonably led him to believe that a crime has been, or is being committed by the Defendant. In order for someone to be arrested for possession of illegal substances, there must be some evidence that the Defendant had either actual or constructive possession of the items. Constructive possession requires proof that the arrestee had dominion and control over the contraband, knowledge that the substance was within his presence, and knowledge of its illicit nature. *Brown v. State,* 412 So.2d 420 (4th DCA 1982).

The State cites the U.S. Supreme Court case of *New York v. Belton,* 453 U.S. 454 (1981) as authority that the arrest and subsequent search of the Defendant was valid. The facts stated in *Belton* were similar to those in the case at bar. However, the Court never addressed the issue of probable cause for the initial arrest of Belton, but validated the search of his jacket, that he was not wearing at the time, which was located in the car. The opinion assumes that there was probable cause for the arrest of someone in the car, and holds that when an occupant of a car is validly arrested, a contemporaneous search of the interior of the car is authorized, including the search of any containers found therein. The *Belton* opinion does not hold, nor have any subsequent cases within the Court's knowledge held, that the passengers may also be searched, absent some independent probable cause for their arrest.

There was no evidence presented by the State which would show that the arresting officers had probable cause to believe that the

54

Defendant had possession, either actual or constructive, of the contraband. The Court could reasonably infer from the evidence that the Defendant knew of the contraband's existence in the car; however, there is a complete failure of proof that he had dominion or control thereover. This being the case, the initial arrest of the defendant and the subsequent search were invalid.

The Court notes in passing that there is no evidence that this was a Terry pat-down situation, where the officer conducted a limited search for his protection.

DONE AND ORDERED in Palm Beach County, Florida, this 16th day of December, 1987.