360 So.2d 119 (1978)
Darlene K. MOLINARO, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1861.
District Court of Appeal of Florida, Third District.
June 13, 1978.
Rehearing Denied July 17, 1978.
Bennett H. Brummer, Public Defender and Kurt Lyle Marmar, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and NATHAN and HUBBART, JJ.
*120 PER CURIAM.
Defendant, Darlene K. Molinaro, appeals her conviction[1] for possession of a controlled substance, a barbituric acid derivative [Section 893.13, Florida Statutes (1975)], and contends the trial court erred in denying her sworn motion to dismiss because the undisputed facts fail to show that she had actual or constructive possession of the controlled substance. The relevant facts appear as follows:
Defendant was a passenger in a disabled vehicle which was parked alongside the road. Officer Smith testified that he observed the car, walked over to it and asked the driver and the defendant to produce identification; that both appeared highly intoxicated and he had to revive the defendant who was passed out on the passenger side of the front seat. He then noticed two blue and red capsules on the front passenger floorboard and another on the seat between defendant and the driver. Based upon this testimony, the trial court denied the motion to dismiss. Thereafter, defendant entered a plea of nolo contendere and specifically preserved her right to appeal the denial.
If the premises on which drugs are found is not in the exclusive but only in the joint possession of the accused, then the prosecution in order to demonstrate constructive possession must prove knowledge on the part of the accused of the presence of the drugs on the premises and the ability to maintain control over them. See Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965); Harris v. State, 307 So.2d 218 (Fla. 3d DCA 1974). This requisite knowledge may be established by circumstances from which the trier of the fact might infer knowledge. See Markman v. State, 210 So.2d 486, 487 (Fla. 3d DCA 1968); Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976).
The undisputed facts set out above presented sufficient circumstances from which the trial judge, the trier of the facts herein, could (and did) infer knowledge on the part of defendant. See Heineman v. State, 327 So.2d 898 (Fla. 3d DCA 1976).
Affirmed.
NOTES
[1] Adjudication of guilt was withheld.