SCHWARTZ, Judge.
After a jury trial, the defendant-appellant was adjudicated guilty of possession of heroin and of over five grams of marijuana. We affirm the heroin conviction but order that the felony marijuana charge be reduced to a misdemeanor.
Johnson and two females were all occupying a three-room apartment in a motel in Key West when police officers arrived to serve a subpoena duces tecum on him. In an admittedly proper manner, the officers found inside the apartment: (a) 67 packets of heroin and less than a gram of marijuana in a bag within an opened suitcase in the' bedroom; (b) 1.6 grams of marijuana contained in three cigarettes on a night stand; and (e) 45.8 grams of marijuana in an “Avon” bag located in the kitchen, near one of the women. In this proceeding, the defendant does not dispute the sufficiency of the evidence of his possession of the heroin or the marijuana cigarettes. He claims otherwise, however, as to the marijuana in the Avon bag. We agree with this position.
Simply stated, the evidence is entirely inadequate to establish that Johnson had both (1) knowledge of, and (2) the ability to control the “Avon” cannabis, as required to establish criminal possession. See Cohen v. State, 125 So.2d 560 (Fla.1960); Winchell v. State, 362 So.2d 992 (Fla.3d DCA 1978); State v. Scarborough, 170 So.2d 458 (Fla.2d DCA 1965). Both these elements must be established by some' specific sufficient proof when, as in this case, contraband is found on premises which are not within the defendant’s exclusive possession but are shared with others. See the recent and comprehensive opinion in Thompson v. State, 375 So.2d 633 (Fla.4th DCA 1979), and cases cited. Apart from relying upon inferences from circumstantial evidence which we consider woefully insufficient,[1] the state contends that the requisite evidence concerning the Avon cannabis is to be found in statements made by the defendant after his arrest that, for example, “all this narcotics here is all mine.” See Frank v. State, 199 So.2d 117, 121 (Fla.1st DCA 1967). A close analysis of these statements, as related by the officers and by Johnson himself in a video-taped confession, reveals, however, that each referred only to the heroin and the marijuana cigarettes.[2] There was no evidence that, at the time these incriminating remarks were made, Johnson knew anything at all concerning the quantity of cannabis now in question; to the contrary, he expressly disclaimed any responsibility for it when its existence was brought to his attention. In other words, Johnson’s generalized comments about owning everything in the apartment were rendered entirely valueless by the absence of any indication that he knew that the Avon cannabis was there, and by his affirmative statement that he didn’t. See McArthur v. State, 351 So.2d *344 972, 976, n. 12 (Fla.1977). Since neither the admissions nor anything else in the record provides competent, substantial evidence of guilt as to the possession of any marijuana besides the cigarettes and the trace in the suitcase, which totalled less than two grams, the felony conviction cannot stand. See also Daudt v. State, 368 So.2d 52 (Fla.2d DCA 1979); Falin v. State, 367 So.2d 675 (Fla.3d DCA 1979).
There is no error presented by the defendant’s other point, which seeks reversal of both convictions because of alleged Williams[3] rule violations at the trial. The record shows that these incidents were invited, harmless or both;
Accordingly, the judgment and sentence for possession of heroin are affirmed, the felony marijuana conviction is reversed and the cause remanded with directions to adjudicate the defendant guilty of the misdemeanor of possession of less than five grams of cannabis and for re-sentencing accordingly.
Affirmed in part, reversed in part and remanded.

. See Mayo v. State, 71 So.2d 899 (Fla.1954).

. The same is true of a statement attributed to Johnson by one of the women in the apartment. (The other, near whom the Avon bag was found, did not testify.)

. Williams v. State, 110 So.2d 654 (Fla. 1959).