THOMPSON, Judge.
The appellant was found guilty of possessing more than 20 grams of cannabis and was adjudicated delinquent. He appeals on the ground that his motion for a judgment of acquittal was improperly denied. We agree and reverse.
At the appellant’s trial, a police officer testified that he and several other officers executed a search warrant at a house in Jacksonville. As they arrived, the appellant was exiting the house. The search warrant and Miranda rights were read to the appellant, who, according to the officer, “had the outward appearance of being very high.”
During a search of the house, several “Baggies” of cannabis were found inside a closed drawer of an end table located in a bedroom, which the appellant identified as his bedroom. The officer could not remember whether the appellant said that he was the only person who stayed in the bedroom. However, the appellant did not mention that his brother shared the bedroom with him, although he did say that his brother had begun serving a prison sentence about 3 days before the search.
At the close of the officer’s testimony, the appellant moved for dismissal and a judgment of acquittal. The motions were denied. The appellant then testified that there was a trundle bed in his bedroom, and that his brother had shared that bedroom with him for all of the appellant’s life. The appellant stated that he had no knowledge of cannabis being in the bedroom, and that he only touched the stereo on top of the end table where the cannabis was found. He also denied smoking cannabis or being “high” in any way on the day of the search. The appellant did not know if his brother smoked cannabis. At the close of this testimony, he renewed his previous motions, and they were again denied.
The State correctly points out that on this appeal the test to review the denial of the motion for a judgment of acquittal is whether the trial judge, sitting as the finder of fact, might have reasonably concluded that the evidence excluded every reasonable hypothesis of innocence. However, such a conclusion is legally impermissible in this case.
The appellant did not actually possess cannabis. Thus, the question is whether he was in constructive possession; i. e., did he know of the presence of the cannabis in his bedroom and have the ability to maintain control over it. See Ellis v. State, 346 So.2d 1044, 1047 (Fla.1st DCA 1977), cert. den. 352 So.2d 175 (Fla.1977). If the bedroom was not in the exclusive but only in the joint possession of the defendant, constructive possession cannot be legally inferred but must be established by proof. Frank v. State, 199 So.2d 117, 120-21 (Fla.1st DCA 1967).
Proving access to or control of premises by proof of occupancy is enough to establish constructive possession, if, and only if, it is exclusive occupancy. See Thompson v. State, 375 So.2d 633, 634-35 (Fla.4th DCA 1979); Spataro v. State, 179 So.2d 873, 877 (Fla.2d DCA 1965). Here, the appellant and his brother had access to *1242 and control of the bedroom. Also, the appellant had an opportunity to hide cannabis therein, and his brother had the same opportunity up until only 3 days before the search. Thus, there was joint possession. Cf. Ellis, 346 So.2d at 1046-47 (fact that several persons during the weeks prior to a search, had access to a room where drugs were found, was emphasized by the court in determining that there was no exclusive control of that room).
Since there was joint possession of the bedroom, proof of the appellant’s knowledge of the cannabis therein must be shown by “evidence establishing actual knowledge ... or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge. . . . ” Frank, 199 So.2d at 121. Such evidence is lacking here.
No evidence was offered which established that the appellant actually knew of the cannabis. Instead, the State contends that the following facts indicate that the appellant had knowledge of the cannabis; First, he did not tell the detective that he shared his bedroom with anyone. But this “fact” is not in the record; rather, it appears that the detective could not remember whether the appellant said that he was the only person who stayed in the bedroom.
Second, the appellant identified the bedroom as his. However, it is not unnatural for one of two brothers who shared a bedroom to identify the room as “his.” Moreover, the appellant testified that his brother had shared the bedroom with him for all of the appellant’s life, and he also denied any knowledge of the cannabis. Cf. Griffin v. State, 276 So.2d 191, 193 (Fla.4th DCA 1973) (fact that defendant told police to “get off his property” was not an admission of exclusive possession, especially because during the week before the drug search, other persons had entered the house occupied by the defendant); Brownlee v. State, 354 So.2d 120 (Fla.3d DCA 1978) (fact that defendant admitted that a bedroom was “his room” was legally insufficient to show knowledge of cannabis therein when room was occupied by defendant and another person); Johnson v. State, 381 So.2d 342, 343 (Fla.3d DCA 1980) (the defendant’s generalized statement about owning everything in an apartment was rendered entirely valueless by the absence of any indication that he knew that the cannabis was there, and by his affirmative statement that he did not know of the cannabis).
Third, the State argues that even though the appellant’s brother occupied the bedroom at one time, the brother had not occupied it for at least 3 days before the search. But this does not negate the reasonable hypothesis that the brother had access to the bedroom and an opportunity to hide cannabis therein only 3 days before the search, without the appellant’s knowledge.
Fourth, at the time of the search, the appellant appeared to be “very high.” The State argues that this indicates knowledge because in Molinaro v. State, 360 So.2d 119 (Fla.3d DCA 1978) cert. den 368 So.2d 1371 (Fla.1979), drugs were found on the seat of a car between the driver and passenger, and the fact that the passenger had passed out indicated that she knew of the drugs’ presence. 360 So.2d at 120. However, in Moli-naro, drugs were also found on the floorboard in front of the passenger. None of the drugs were concealed.* The Court in Molinaro noted that these undisputed facts allowed for an inference that the defendant knew of the presence of the drugs. In the instant case, unlike Molinaro, the cannabis was concealed and not found immediately in front of the appellant. Moreover, the appellant denied being “high” in any way, while he also denied any knowledge of the cannabis. Furthermore, he stated that he only used the stereo on top of the bedroom end table, and not the table itself.
The State has failed to establish, either directly or indirectly, that the appellant had any knowledge of the cannabis. The State’s evidence is entirely circumstantial, and thus, no matter how strongly such evidence may suggest guilt, the conviction *1243 cannot be sustained unless the evidence excludes every reasonable hypothesis of innocence. See McArthur v. State, 351 So.2d 972, 976 n.12 (Fla.1977). In this instance, the evidence does not exclude the “possibility of possession and scienter by others.” Thompson, 375 So.2d at 636. Specifically, there is a reasonable doubt as to whether the appellant’s brother placed the cannabis in the end table drawer without the appellant’s knowledge. When the evidence presented in a case fails to exclude such a reasonable doubt, that evidence is legally insufficient to present a jury issue on the appellant’s knowledge of the presence of drugs. Therefore, the motion for a judgment of acquittal should have been granted. See Willis v. State, 320 So.2d 823, 825 (Fla.4th DCA 1975). See also McArthur v. Nourse, 369 So.2d 578, 580-81 (Fla.1979).
Accordingly, the judgment is reversed.
MeCORD, J., concurs.
MILLS, C. J., dissents with an opinion.

 Cf. Winchell v. State, 362 So.2d 992, 995 (Fla.3d DCA 1978) cert. den. 370 So.2d 462 (Fla. 1979) (where there was joint possession of a motel room, the jury could infer that the defendant knew of unconcealed cannabis.)