PER CURIAM.
This is an appeal by G.D., a juvenile, from an adjudication of delinquency for possession and importation of marijuana. We affirm.
A petition for delinquency was filed against G.D. after marijuana was discovered in a Jamaican dish she was bringing into the United States. A native of Jamaica, sixteen-year-old G.D. flew from Jamaica to Miami International Airport. She was en route to visit her mother who lived in Bro-ward County. G.D. completed a customs declaration form which indicated that she was bringing various Jamaican delicacies into the country, including a fried fish specialty. According, to routine procedure, Randy Parsley, a Department of Agriculture agent, inspected these foods. The fried fish was stored in two opaque plastic containers from which the smell of vinegar emanated. Underneath the fish in one of these containers, Parsley discovered what appeared to be a brick of marijuana. Parsley contacted Customs Inspector Mary Smallwood, who examined the second fish container; it also yielded a marijuana brick. Field and laboratory tests subsequently verified that the substance was marijuana.
At the adjudicatory hearing, G.D. testified that she had no inkling that marijuana was concealed in the plastic containers. According to G.D., she had been asked by a Ms. Piert, a Jamaican acquaintance of her grandmother, to deliver the containers to a gentleman named Kenneth in the United States. G.D. stated that her inspection of the containers disclosed only the presence of fish and the odor of vinegar and that she never removed the fish to check for items hidden underneath.
At the close of all the evidence, G.D. moved for a judgment of acquittal based upon the state’s failure to prove the crucial *1319 element of knowledge in possessing and bringing contraband into the country. Counsel for G.D. argued that the state had not refuted G.D.’s claim of ignorance as to knowledge of the marijuana. The court denied the motion, entered a finding of guilt, and adjudicated G.D. delinquent.
The issue raised by G.D.’s appeal is whether the trial court erred in denying G.D.’s motion for judgment of acquittal. We conclude that the trial court correctly denied the motion. G.D. claims that the evidence was legally insufficient to support a finding that she knowingly possessed marijuana. G.D. correctly points out that a special standard of review governs the question of the sufficiency of circumstantial evidence in criminal prosecutions. This court has summarized this standard as follows:
The test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or appellate court, the evidence fails to exclude every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude. (Citations omitted.)
Muwwakil v. State, 435 So.2d 304, 305 (Fla. 3d DCA 1983), rev. denied, 444 So.2d 417 (Fla.1984). Moreover, in considering an appeal of a denial of a motion for judgment of acquittal, the reviewing court “must draw every conclusion favorable to the state. The motion should not be granted unless there is no legally sufficient evidence on which to base a verdict of guilt.” Jones v. State, 466 So.2d 301, 302 n. 3 (Fla. 3d DCA 1985) (en banc).
There was competent evidence adduced by the state regarding G.D.’s exclusive possession of the fish containers from which the trial court could find that G.D. had knowledge of the containers’ complete contents. Once the state established a prima facie case, the trial court was entitled to disbelieve G.D.’s story. See Fryc v. State, 377 So.2d 1013 (Fla. 3d DCA 1979) (jury verdict of guilty supported by evidence despite defendant’s denial of knowledge of controlled substance). The trial court was not compelled to credit G.D.’s account of the mysterious Ms. Piert and the elusive Kenneth as a “reasonable hypothesis” of innocence. See Jones.
We are also unpersuaded by G.D.’s invitation to equate the inference of guilty knowledge in drug possession cases with the same kind of inference statutorily created in cases involving recent possession of stolen property. The two situations are not analogous. Unlike controlled substances, stolen property is not intrinsically suspect. Compare R.M. v. State, 412 So.2d 44 (Fla. 3d DCA 1982) (juvenile’s conviction of grand theft not supported by evidence where state failed to prove that juvenile knew bicycle had been stolen) with Maisley v. State, 425 So.2d 107 (Fla. 1st DCA 1982) (proof of accused’s knowledge of presence of drugs may consist of evidence and circumstances from which jury may infer requisite knowledge), rev. denied, 434 So.2d 888 (Fla.1983); Molinaro v. State, 360 So.2d 119 (Fla. 3d DCA 1978) (requisite knowledge of presence of drugs may be established by circumstances from which trier of fact might infer knowledge), cert. denied, 368 So.2d 1371 (Fla.1979).
For the foregoing reasons, the adjudication of delinquency is
AFFIRMED.