COWART, Judge.
The defendant appeals his convictions for (1) possession of cocaine with intent to sell or deliver,[1] (2) possession of marijuana,[2] and (3) possession of drug paraphernalia[3] following a warranted search of the defendant’s residence which produced cocaine, marijuana and an Ohaus triple beam scale. We hold that the evidence was sufficient to support the defendant’s convictions for possession of cocaine and marijuana and affirm those convictions but reverse his conviction for possession of drug paraphernalia.
Section 893.147(1), Florida Statutes, provides:
Use or Possession of Drug Paraphernalia—
It is unlawful for any person to use, or possess with intent to use, drug paraphernalia:
Section 893.145(5), Florida Statutes, defines as drug paraphernalia:
(5) Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.
The issue was considered in Williams v. State, 529 So.2d 345 (Fla. 1st DCA 1988), where the court held that the State failed to prove that a triple beam scale, seized incident to a search warrant, was “drug paraphernalia” under the statute, where the only evidence presented was testimony of a police officer that scales of the type seized were commonly used to weigh controlled substances. The court noted that there was no evidence presented that the defendant used or intended to use the scale for illegal purposes and there was no evidence that illegal drugs were used on the scale. The court found the State failed to show that the scale was “designed for use in weighing or measuring controlled substances.” See also Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990).
In the instant case, a deputy sheriff testified that during the search of the trailer, he found an Ohaus triple beam scale on a night stand in the master bedroom. The deputy testified that in his opinion, the purpose of such scales in a private residence is to weigh out cocaine. No evidence was presented that any residue from a controlled substance was found on the scale or that the scale had ever been used for an illegal purpose. The State’s evidence in the form of the officer’s testimony regarding the general use of this type of scale was insufficient to prove that the scale was used, intended for use or “designed for use in weighing or measuring controlled substances” as required by the statute.
Cocaine and marijuana are contraband, meaning the possession of it is always illegal. However, a triple beam scale is a legitimate subject of private ownership and is not contraband. There must be evidence, not a mere opinion, that it has been used or intended for use or designed for use in measuring and weighing controlled substances. The suspicion and opinion of a police officer is not sufficient evidence to overcome every reasonable hypothesis of innocence in the absence of other more direct and probative evidence.
We affirm the defendant’s convictions relating to the possession of cocaine and marijuana and reverse the conviction for possession of drug paraphernalia, being Count Y in Circuit Court Case No. 89-8087.
*532 AFFIRMED IN PART; REVERSED IN PART.
COBB and PETERSON, JJ., concur.

. § 893.13(l)(a)l, Fla.Stat.

. § 893.13(l)(e) & (f), Fla.Stat.

.§ 893.147(1), Fla.Stat.