PER CURIAM.
Appellant Gordon was convicted by a jury of sale of a substance in lieu of cocaine, possession of cocaine, and possession of drug paraphernalia. He was sentenced as an habitual felony offender to concurrent terms of 10 years on the sale and possession of cocaine charges and one year for the possession of drug paraphernalia. On appeal he challenges only his conviction for possession of drug paraphernalia and his sentence. We reverse the conviction and sentence for possession of drug paraphernalia and affirm the habitual offender sentence.
Appellant was arrested by two officers who were conducting an undercover buy/bust operation. They described how appellant had approached them and sold them drugs after which he was arrested. As a result of the arrest and search of appellant, the officers seized a cocaine rock, counterfeit cocaine and a pack of rolling papers which were the paraphernalia charged in the information. The officer testified that the usual way to ingest rock cocaine is by smoking it, many times by breaking it up, putting it into a marijuana cigarette and smoking it. The officer further testified that cigarettes of this type are frequently made using rolling papers. However, no marijuana was found on appellant.
We agree with appellant that based on this evidence he was entitled to a judgment of acquittal on the possession of drug paraphernalia charge. While the state found cocaine and rolling papers, the evidence it presented indicated that in order for cocaine to be smoked it was necessary to put it into a marijuana cigarette. Because no marijuana was present, the theory that the rolling papers were for innocent use was not disproved. See Frazier v. State, 608 So.2d 530 (Fla. 5th DCA 1992); Dubose v. State, 560 So.2d 323 (Fla. 1st DCA 1990). Consequently, we reverse appellant’s conviction and sentence on this count.
We find unpersuasive appellant’s argument challenging his habitualization and affirm the sentence.
WARNER, POLEN and PARIENTE, JJ., concur.