RYDER, Judge.
Charles Lawson contends that the trial court should have acquitted him on the charge of possession of drug paraphernalia, *194 and that it erred in imposing certain probation conditions and court costs. We affirm the conviction, but strike a portion of probation condition (5) and the costs.
Lawson argues that the evidence was legally insufficient to show possession of drug paraphernalia. To prove possession of drug paraphernalia, the state must show that the appellant had in his possession drug paraphernalia and that he had knowledge of its presence. § 893.147(1), Fla.Stat. (1993). Because the appellant did not have actual possession of the contraband when the police searched his house, the state must show constructive possession by proving he had dominion and control over the contraband, knew of the presence of the contraband and knew of the illicit nature of the contraband. Skelton v. State, 609 So.2d 716, 716-717 (Fla. 2d DCA 1992).
A defendant in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.
Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
At the time the search warrant was executed at his house, Lawson was present with two women. One of the women had been living in the house with him. Until two weeks before the search, his daughter had lived in the house. The officers found two copper screens used to smoke cocaine rock in a trophy bowl in the kitchen. They also found a small glass bottle in appellant’s gun cabinet near a gun Lawson admitted was his. The glass bottle had been altered for use as a crack cocaine pipe. Lawson denied knowledge of the contraband.
Because the premises where the contraband was found were in joint possession of the appellant, his knowledge of the presence of the contraband and the ability to control it will not be inferred from the ownership or possession but must be established by independent proof. Williams v. State, 529 So.2d 345, 347 (Fla. 1st DCA 1988).
Such proof may consist of incriminating statements and circumstances from which a jury might lawfully infer his actual knowledge of the presence of the contraband. 529 So.2d at 347. The appellant’s knowledge of the presence of the paraphernalia could be inferred from its close proximity to the gun which he admitted was his. See Spataro v. State, 179 So.2d 873, 876 (Fla. 2d DCA 1965). Viewing the evidence most favorably to the state, the jury could infer Lawson’s knowledge of the presence of the contraband. See Lynch, 293 So.2d 44. We, therefore, affirm the conviction.
We strike the first sentence of probation condition (5), a special condition, which was improperly imposed without oral announcement. See Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995); Chitty v. State, 661 So.2d 26 (Fla. 2d DCA 1994). The $288.00 in court costs and $100.00 assessment to the Florida Department of Law Enforcement must also be stricken because no statutory authority was provided. Stallworth v. State, 640 So.2d 218 (Fla. 2d DCA 1994).
Affirmed in part and reversed in part.
THREADGILL, C.J., and WHATLEY, J., concur.