PER CURIAM.
This is a direct appeal from convictions and sentences for grand theft and possession with intent to use drug paraphernalia. We affirm the conviction and sentence for grand theft, but reverse the conviction and sentence for possession of drug paraphernalia, because there was insufficient evidence of intent to use the paraphernalia to ingest a controlled substance.
According to section 893.147(l)(b), Florida Statutes, “[i]t is unlawful for any person to use, or to possess with intent to use, drug paraphernalia: ... [t]o inject, ingest, inhale, or otherwise introduce into the human body a controlled substance.” The record indicates that when arrested, appellant had an item described as a homemade crack pipe in his boot and another in his pocket. No evidence was offered to show that any drug residue was found on the items, nor was there evidence that appellant had any illegal drugs in his possession when arrested. An arresting officer testified as to how such pipes are used.
The presence of even a minuscule quantity of drug residue is sufficient circumstantial evidence to prove the element of intent to use, see Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990). Conversely, when alleged drug paraphernalia tested negative for drug residue and the record was devoid of other evidence that appellant possessed the item with intent to use it for an illegal purpose, a violation of section 893.147(1) was not established, see T.E.D. v. State, 627 So.2d 118 (Fla. 5th DCA 1993). Under the present circumstances, there was insufficient evidence of intent to use the items for an illicit purpose. See also Williams v. State, 529 So.2d 345 (Fla. 1st DCA 1988).
AFFIRMED in part REVERSED in part and REMANDED.
JOANOS, BENTON and VAN NORTWICK, JJ., concur.