FLETCHER, Judge.
Michael J. Grady appeals his conviction for possession of drug paraphernalia, alleging insufficient evidence to support the conviction. We find the evidence to be sufficient to support the jury and the trial court’s determination that the item in question (a scale) is drug paraphernalia, and affirm.
While sitting in the front passenger seat of a parked vehicle, Grady was observed (by officers involved in a sting operation) tossing a small baggie over his shoulder into the vehicle’s back seat. The police approached the car and ordered Grady out of it. After handcuffing Grady, the police noticed a small gold scale clipped to his front pants pocket and a hand-rolled cigarette behind his ear. A search of the vehicle and its other passengers garnered 53 ounces of marijuana, 2.4 grams of cocaine, and some Rohypnol tablets. The cigarette taken from behind Grady’s ear *745 was subsequently tested and found to contain traces of cocaine.
Grady was charged with one count of possession of cocaine, one count of possession of marijuana, and one count of use or possession of drug paraphernalia. At trial, the jury acquitted him on the possession of marijuana count, but convicted him on the other two counts. He appeals solely from the conviction for possession of drug paraphernalia, taking the position that the state failed to prove the small scale taken from his person was drug paraphernalia as defined in section 893.145(5) of the Florida Statutes.
Section 893.147(1), Florida Statutes (1997), makes it “unlawful for any person to use, or to possess with intent to use, drug paraphernalia,” which is defined in section 893.145(5), Florida Statutes (1997), to include “[sjcales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.” The statutes provide the courts and juries with further guidance in determining whether an object is drug paraphernalia by listing thirteen nonexclusive factors which must be considered. § 893.146, Fla. Stat. (1997). These factors include:
“(2) The proximity of the object, in time and space, to a direct violation of this act.
(3) The proximity of the object to controlled substances.
[[Image here]]
(12) The existence and scope of legitimate uses for the object in the community.
(13) Expert testimony concerning its use.”
At the time of his arrest, in addition to the scale, Grady was in possession of a cigarette containing traces of cocaine, a direct violation of the act which also makes it illegal to use or possess drug paraphernalia. The police also discovered other controlled substances in proximity to Grady and his scale, including 53 ounces of marijuana. A well-qualified detective testified, based on his experience and training, that he knew of no other use for this type of scale other than for the weighing of marijuana.[1], [2] This fact distinguishes the cases of Williams v. State, 529 So.2d 345 (Fla. 1st DCA 1988) and Frazier v. State, 608 So.2d 530 (Fla. 5th DCA 1992) cited by Grady in support of. his position. In Williams and Frazier, the testimony of the officers did not, as here, eliminate the possibility that the triple beam scales found in the home of the defendants were used for purposes other than the weighing of illegal substances.
Affirmed.

. Grady would have us disregard the proximity of the marijuana because the jury acquitted him of the charge of possession of marijuana. However, section 893.146 does not require that a defendant be convicted of possession of the nearby illegal drug before it may be considered in determining whether the object seized is drug paraphernalia.

. Grady’s scale was provided lo this court for our examination. While we are not finders of fact we do note that it would indeed be difficult to come up with another practical use for it, even for highly imaginative defense counsel.