TAYLOR, J.
Lisa Goodroe appeals her convictions for resisting an officer without violence and possession of drug paraphernalia. We affirm the judgment and sentence for resisting an officer without violence but reverse the conviction for possession of drug paraphernalia.
On August 8, 2000, Officer Greg McDev-itt of the Riviera Beach Police Department was patrolling in the area of Broadway and West 13th Street, when he observed a vehicle blocking traffic in the intersection. Appellant was standing outside the vehicle talking to the driver. The officer pulled alongside the vehicle and motioned for the vehicle to move on. He sounded his patrol car siren to get the driver’s and appellant’s attention. Several times he signaled for them to move on, but the vehicle did not move. Instead, appellant gestured for the officer to go away.
The officer parked and got out of his patrol car. The vehicle then pulled away. As the officer approached appellant, he observed her drop a plastic bottle on the ground. The bottle had been in appellant’s right rear pocket. Based on his narcotics training and experience, the officer was able to immediately identify the bottle as a crack cocaine pipe. He noticed that a hole had been burned into the side of the plastic bottle for inserting a glass tube and smoking crack cocaine. Inside the bottle Officer McDevitt found residue. However, he neither tested it on the scene nor sent it to the crime laboratory for testing.
Officer McDevitt ordered appellant to stop. She ran instead. When the officer grabbed her arm, appellant spun around and shoved the officer in the chest. She continued to struggle and scratch the officer until, with the help of a bystander, he was able to restrain and handcuff her. No drugs were found in appellant’s possession at the time of her arrest.
Appellant moved for judgment of acquittal on the possession of drug paraphernalia charge, citing Nixon v. State, 680 So.2d 506 (Fla. 1st DCA 1996). Appellant argued that there was no evidence that the crack pipe contained residue of a controlled substance and that no factors were present indicating her intent to use the pipe for an illicit purpose. The trial court denied the motion.
Section 893.147(l)(b), Florida Statutes (1997), provides that “[i]t is unlawful for any person to use, or to possess with intent to use, drug paraphernalia: ... [t]o inject, ingest, inhale, or otherwise introduce into the human body a controlled substance ...” “The presence of even a minuscule quantity of drug residue is sufficient circumstantial evidence to prove the element of intent to use.” Nixon, 680 So.2d at 507. “Conversely, when alleged drug paraphernalia tested negative for drug residue and the record was devoid of *588 other evidence that appellant possessed the item with intent to use it for an illegal purpose, a violation of section 893.147(1) was not established.” Id.
In Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990), the first district held that the evidence supported the defendant’s possession of drug paraphernalia where tests established the presence of cocaine residue on a pipe found in the defendant’s pocket. In contrast, in T.E.D. v. State, 627 So.2d 118 (Fla. 5th DCA 1993), the fifth district held that the evidence was insufficient because the “alleged paraphernalia tested negative for any controlled substance and the record is devoid of any evidence that appellant possessed it with intent to use if for the illegal purposes set forth in section 893.147(1), Florida Statutes (1991).” Id. In Nixon, the evidence was deemed insufficient because there was no evidence that any drug residue was found on the homemade crack pipes, nor was there evidence that the defendant had any illegal drugs in his possession when arrested. See also Waters v. State, 694 So.2d 148 (Fla. 1st DCA 1997)(reversing a conviction of possession of drug paraphernalia where defendant had a small piece of metal, identified at trial as a device commonly used to smoke controlled substances, but where no other evidence was introduced to show the presence of drug residue or possession of drugs at time of arrest).
Here, the arresting officer testified only that there was some kind of residue on the pipe found in appellant’s possession. However, the residue was not tested and no evidence was presented that the residue was a controlled substance.[1] Further, there was no evidence that appellant had any illegal drugs in her possession when arrested. As in Nixon, T.E.D., and Waters, there was insufficient evidence that appellant used or intended to use the pipe for an illicit purpose.
Accordingly, we reverse the judgment and sentence on the possession of drug paraphernalia count with directions to discharge appellant as to this offense. We affirm as to all other issues.
AFFIRMED in part, REVERSED in part, and REMANDED.
STONE and STEVENSON, JJ„ concur.

. Section. 893.146(4), Fla. Stat. (2000), provides: "In determining whether an object is drug paraphernalia, a court or other authority or jury shall consider, in addition to all other logically relevant factors, the following: ... The existence of any residue of controlled substances on the object.” (Emphasis added).