EMAS, J.
C.M., a juvenile, was charged by petition with possession of marijuana and possession of drug paraphernalia. Following an adjudicatory hearing, the court determined the evidence sustained the allegation of possession of drug paraphernalia, but entered a judgment of dismissal on the charge of possession of marijuana, finding the State failed to prove beyond a reasonable doubt that the substance was marijuana. On appeal, C.M. contends that the trial court erred in not granting a judgment of dismissal on the remaining charge of possession of drug paraphernalia. We agree and reverse.
A school police officer conducted a search of C.M.’s backpack at school, revealing a plastic case containing a green, leafy substance and a glass ear dropper which had been converted into a makeshift pipe, and which contained a residue. C.M. was arrested and charged with possession of marijuana and possession with intent to use drug paraphernalia. The school police officer testified at trial that he believed both the green leafy substance and the residue found inside the ear dropper were marijuana because, in his experience, they looked and smelled like marijuana.[1] The officer testified that both items were sent to the lab for testing; however, no test results were introduced into evidence at the adjudicatory hearing.
On cross-examination, the officer admitted that although he was familiar with the look and smell of marijuana, he understood that synthetic marijuana looks the same and has the same effect as marijuana. The State rested after calling the school police officer.
C.M. testified on his own behalf that the green leafy substance in the case was not “real” marijuana, but synthetic marijuana called “Mr. Nice Guy” which he had legally purchased at a dollar store.[2] C.M. testified that “Mr. Nice Guy” looks and smells exactly like “real” marijuana, and that he used the ear dropper to smoke “Mr. Nice Guy” prior to his arrest. He also testified that the friend who had given him the ear dropper probably had used it to smoke marijuana in the past.
After the defense rested, the State recalled the school police officer, who testified in rebuttal that real marijuana had a smell that was distinct from synthetic marijuana. He acknowledged in cross-examination that he had seen only one type of synthetic marijuana, and that he had received no training regarding synthetic marijuana.
At the close of all the evidence, C.M. moved for a judgment of dismissal on both charges.[3] The court determined that *949 there was a reasonable doubt whether the substance possessed by C.M. was marijuana or synthetic marijuana, and entered a judgment of dismissal on that charge. However, the court found C.M. guilty of the charge of possession of drug paraphernalia.
We review de novo the trial court’s denial of a motion for judgment of dismissal. C.W. v. State, 76 So.3d 1093 (Fla. 3d DCA 2011).
Section 893.147(l)(b), Florida Statutes (2010) provides:
(1) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia:
[[Image here]]
(b) To inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.
Any person who violates this subsection is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(Emphasis added).
To sustain this charge, the State was required to prove not merely that C.M. possessed drug paraphernalia, but that C.M. possessed drug paraphernalia and either used it, or intended to use it, to inhale a controlled substance (in this case, marijuana).
Although it may well be that the evidence established the ear dropper qualified as “drug paraphernalia,”[4] the evidence failed to establish that C.M. used the ear dropper to smoke marijuana or intended to use it for that purpose. This conclusion necessarily follows from the trial court’s finding that there was reasonable doubt whether the substance C.M. possessed was real marijuana or synthetic marijuana. Because there was insufficient evidence to establish beyond a reasonable doubt that the substance C.M. possessed was marijuana, and absent any other evidence of C.M.’s intent, the evidence also was insufficient to establish beyond a reasonable doubt that C.M. “use[d] or possessed] with intent to use” the ear dropper “to inhale ... a controlled substance.” § 893.147(l)(b) Fla. Stat. (2010). Goodroe v. State, 812 So.2d 586 (Fla. 4th DCA 2002).
The State argues the evidence was sufficient to sustain the charge because the officer (deemed an expert by the court) testified he believed the residue in the ear dropper was marijuana. Such an argument lacks merit under the facts of this case, however. Given the trial court’s finding that the officer’s testimony was insufficient to establish beyond a reasonable doubt that the green leafy substance possessed by C.M. was real, as opposed to synthetic, marijuana, the officer’s testimony necessarily was insufficient to establish beyond a reasonable doubt that the residue found in the ear dropper was real, as opposed to synthetic, marijuana.
The State also argues that the mere fact C.M. was found not guilty of the posses *950 sion of marijuana charge does not prohibit a finding of guilt on the charge of possession of drug paraphernalia. In support of this proposition, the State cites Grady v. State, 753 So.2d 744 (Fla. 3d DCA 2000).
In Grady, police observed the defendant in the front passenger seat of a parked car, tossing a small baggie over his shoulder into the back seat. The police approached the car, ordered him out and noticed a small gold scale clipped to his pants pocket and a hand-rolled cigarette behind his ear. The police searched the car and the other passengers, finding fifty-three ounces of marijuana, 2.4 grams of cocaine, and Rohypnol tablets. The cigarette behind Grady’s ear tested positive for traces of cocaine. Grady was charged with possession of cocaine, possession of marijuana, and possession of drug paraphernalia. Grady was acquitted of the marijuana possession charge, but convicted of possession of cocaine and possession of drug paraphernalia. At trial, a police detective testified that he knew of no other use for the scale seized from the defendant other than for the weighing of marijuana.
On appeal, Grady argued that he could not be convicted of the drug paraphernalia charge because he was found not guilty of the marijuana possession charge. In affirming the conviction for possession of drug paraphernalia, this Court stated “section 893.146 does not require that a defendant be convicted of possession of the nearby illegal drug before it may be considered in determining whether the object seized is drug paraphernalia.” Id. at 745. The State relies upon this statement to support its position that the finding of guilt in this case should be affirmed.
While it is true that the mere fact that one is acquitted of possession of a nearby controlled substance does not automatically foreclose a conviction for possession of drug paraphernalia, the State ignores significant facts which distinguish Grady from the instant case: In Grady, the substance seized from the vehicle was in fact marijuana, a controlled substance. Thus Grady (and the scale) were found in close proximity to a controlled substance, a factor expressly to be considered under section 893.146 in determining whether an object constitutes drug paraphernalia and in considering whether the object was intended to be used for an illicit purpose. See § 893.146(3) Fla. Stat. (2010) (“The proximity of the object to controlled substances.”).[5] By contrast, in the instant case there was no controlled substance in the proximity of C.M. or the ear dropper, and thus no evidence from which one could infer that C.M. intended to use the ear dropper to inhale a controlled substance.
Further, in Grady the testimony established that the only known use for the scale was to weigh marijuana. By contrast, in the instant case, C.M. testified that he used the ear dropper to smoke synthetic marijuana, a non-controlled substance. See § 893.146(1) Fla. Stat. (2010) (“Statements by an owner or by anyone in control of the object concerning its use.”). C.M.’s testimony either was accepted by the trial court or, at the very least, created a reasonable doubt-given the trial court’s determination that there was insufficient evidence to establish the substance in C.M.’s possession was in fact a controlled substance.
Because the evidence failed to establish the substance in C.M.’s possession was a controlled substance, and the absence of any other evidence that C.M. used or intended to use the object to smoke marijuana, the finding of guilt for possession of *951 drug paraphernalia cannot stand. Goodroe, 812 So.2d at 588; Nixon v. State, 680 So.2d 506 (Fla. 1st DCA 1996).
Reversed and remanded with directions to enter a judgment of dismissal as to the charge of possession of drug paraphernalia.

. The trial court determined that the school police officer could testify as an expert on the identification of marijuana.

. The State acknowledges that synthetic marijuana is not a "controlled substance” under Chapter 893, Florida Statutes (2010).

.C.M. had previously moved for a judgment of dismissal at the end of the State’s case. That motion was denied.

. Section 893.146, Florida Statutes (2010) provides in pertinent part:
In determining whether an object is drug paraphernalia, a court or other authority or jury shall consider, in addition to all other logically relevant factors, the following:
(1) Statements by an owner or by anyone in control of the object concerning its use.
(2) The proximity of the object, in time and space, to a direct violation of this act.
(3) The proximity of the object to controlled substances.
(4) The existence of any residue of controlled substances on the object.
[[Image here]]
(12) The existence and scope of legitimate uses for
the object in the community.
(13) Expert testimony concerning its use.

. We of course do not know why the jury acquitted Grady of the marijuana charge, but it is worth noting that there were other passengers in the vehicle in which the marijuana was found. See, e.g., Ford v. State, 69 So.3d 391 (Fla. 2d DCA 2011).