# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3012
Lower Tribunal No. 13-1850
_____

**M.M., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria De Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Brian L. Ellison, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before SHEPHERD, C.J., and LAGOA and FERNANDEZ, JJ.

FERNANDEZ, J.

M.M., a juvenile, appeals his conviction for possession of drug paraphernalia. We reverse because the State failed to present evidence

demonstrating that the residue from M.M.'s pipe was a controlled substance. Additionally, the State failed to present evidence to prove that M.M. had possession of paraphernalia with the intent to use it to consume a controlled substance.

During the State's case-in-chief, law enforcement officers Ray Quintero and Peter Delgado testified that they drove to M.M.'s apartment building after they received a dispatch call. Officer Quintero knocked on the apartment door, while Officer Delgado remained on the first floor observing the interactions. M.M. answered the door, holding a pipe in his hand. When the door opened, Officer Quintero could smell marijuana inside the apartment. He did not see M.M. smoking marijuana, nor was there any smoke emanating from the pipe. There was no marijuana discovered on M.M.'s person. Although the pipe M.M. was holding contained residue, the officer did not test the residue at the scene, or later at a laboratory, to confirm that it was a controlled substance.

Officer Delgado admitted that the pipe M.M. held could also be used to smoke tobacco. Marijuana was found in the apartment. M.M.'s sister, Dunia Piloto, admitted possession of it and was charged separately. The State did not introduce any other evidence during its case-in-chief.

At the close of the State's case, M.M. moved for a judgment of dismissal because there was no evidence presented that linked the pipe to an illegal

substance. M.M. argued there was no testimony that the pipe contained, or was around, marijuana. The State responded that circumstantial evidence provided the requisite intent and connected the pipe to marijuana. The trial court denied M.M.'s motion.

During the defense's case-in-chief, M.M. called his sister to testify. Piloto identified the residue in the pipe as marijuana, but claimed that she was the only one who smoked it in the apartment. She also took responsibility for the marijuana found in the apartment. Piloto testified that the pipe belonged to her and that it was never in M.M.'s possession. The trial court ultimately found M.M. guilty of possessing drug paraphernalia.

On appeal, M.M. contends that the State failed to prove the charges against him by the end of its case-in-chief, when M.M. moved for dismissal. We agree with M.M. that the trial court should have granted his motion for dismissal. The State did not establish that the residue in the pipe was a controlled substance, and it did not establish M.M's constructive possession. Consequently, the State failed to establish a prima facie case of possession of paraphernalia with the intent to use, pursuant to section 893.147(1), Florida Statutes (2013).

Section 893.147(1) requires the State prove beyond a reasonable doubt that M.M. used or had in his possession with intent to use drug paraphernalia, and that M.M. had knowledge of the presence of the drug paraphernalia. See Lawson v.

3

State, 666 So. 2d 193, 194 (Fla. 2d DCA 1995). The State cannot establish the requisite intent without evidence linking the presence of an illegal substance to the alleged paraphernalia. See Goodroe v. State, 812 So. 2d 586, 587–88 (Fla. 4th DCA 2002) (finding that a combination of factors such as residue not being tested, no evidence residue was a controlled substance, and lack of possession of illegal drugs upon arrest, was insufficient for satisfying the intent element).

To determine whether the State's evidence was sufficient to deny M.M.'s motion for dismissal, we will only consider the evidence presented during the State's case-in-chief. See State v. Pennington, 534 So. 2d 393, 395 (Fla. 1988) (opining that "[i]f at the close of the evidence for the State or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may . . . enter a judgment of acquittal.").

First, the State failed to establish that the residue in the pipe was a controlled substance. An officer with experience in narcotics can testify as to the identity of cannabis without any further scientific testing. See Brooks v. State, 762 So. 2d 879, 892–94 (Fla. 2000); Pama v. State, 552 So. 2d 309, 311 (Fla. 2d DCA 1989) (finding that the State proved a substance was cannabis based on the testimony of an experienced law enforcement officer who examined and identified the substance); A.A. v. State, 461 So. 2d 165, 165–66, n. 1 (Fla. 3d DCA 1984)

4

(holding that an officer's testimony sufficiently established the identity of a substance as marijuana based on its appearance, odor, and packaging).

The officers testified about the existence of the pipe and about the residue inside the pipe, but they failed to positively identify that residue as a controlled substance. See Goodroe, 812 So. 2d at 587; see also T.E.D., III v. State, 627 So. 2d 118 (Fla. 5th DCA 1993) (finding evidence insufficient to prove possession, as the "alleged paraphernalia tested negative for any controlled substance and the record is devoid of any evidence that appellant possessed it with intent to use it for the illegal purposes set forth in section 893.147(1)"). As in T.E.D., the State failed to offer evidence that linked the pipe to an illegal substance or activity, and it likewise failed to establish the requisite intent required under section 893.147(1).

The State asks this Court to rely on circumstantial evidence and irrelevant testimony to establish that the residue in the pipe was marijuana. The State looks to circumstantial evidence, namely the testifying officers' general observations, to establish the identity of the residue as marijuana. We find no support for this proposition. The testifying officers, although qualified based on their training, failed to conclusively identify the residue as marijuana during their testimony. This omission is critical.

In addition, the State argues that Piloto's testimony, which identified the residue as marijuana, is relevant. Again, we do not agree because Piloto testified

5

after the close of the State's case-in-chief and after M.M. had already moved for dismissal. See State v. Pennington, 534 So. 2d 393, 394 (Fla. 1988).

Second, the State did not show that M.M. had constructive possession of the marijuana found at the apartment. To establish constructive possession of a substance, the State must prove: "(1) the accused's dominion and control over the contraband, (2) the accused's knowledge that the contraband is within his or her presence, and (3) the accused's knowledge of the illicit nature of the contraband." See T.W. v. State, 666 So. 2d 1001, 1002 (Fla. 5th DCA 1996) (finding that T.W. did not have constructive possession of a controlled substance because the State did not present evidence indicating that it was hers or that she had knowledge of its presence).

The record reflects the State introduced no evidence to establish M.M's control and dominion over the marijuana found. In addition, the State, just as in T.W., failed to establish, with independent evidence, M.M.'s knowledge of the marijuana confiscated from the apartment.

We thus conclude that the State failed to meet its burden of proof before M.M. moved for dismissal. We therefore reverse, vacate M.M.'s conviction, and remand this case to the trial court with instructions to discharge M.M.

Reversed and remanded with instructions.