IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSHUA ANDREW CHANDLER,

      Appellant,

v.                                    Case No.  5D15-696

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 26, 2016

Appeal from the Circuit Court
for Marion County,
Willard Pope, Judge.

James S. Purdy, Public Defender,
and Jeri M. Delgado, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.


WALLIS, J.

Joshua Andrew Chandler ("Appellant") appeals his conviction and sentence for possession of drug paraphernalia. Finding that the State failed to offer evidence sufficient to withstand Appellant's motion for judgment of acquittal, we reverse and remand with instructions to vacate Appellant's conviction and sentence.

On August 25, 2014, Marion County Sheriff's Deputy Daniel Moore pulled over a vehicle, which Appellant was a passenger, for driving erratically. Deputy Moore noticed an odor of marijuana emanating from the vehicle. Deputy John Rawls arrived on scene and assisted Deputy Moore in searching the vehicle. The officers discovered a clear plastic bag containing a substance, later confirmed to be methamphetamine, on the floor of the passenger side. In that same area, the officers located Appellant's wallet, which contained a rolled-up dollar bill.

The State charged Appellant by information with possession of a controlled substance and possession of drug paraphernalia. Appellant moved for judgment of acquittal on both charges, and the trial court denied his motion. The jury returned verdicts of not guilty as to possession of a controlled substance and guilty as to possession of drug paraphernalia.[1]

Section 893.147(1)(b), Florida Statutes (2014), makes it "unlawful for any person to use, or to possess with intent to use, drug paraphernalia . . . [t]o inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." In determining whether an item qualifies as drug paraphernalia, the court may consider, *inter alia*, the proximity of the item to any controlled substances, the existence of residue on the item, whether the item can be used for legitimate purposes, and expert testimony concerning the item's use. § 893.146, Fla. Stat. (2014). "The presence of even a minuscule quantity of drug residue is sufficient circumstantial evidence to prove the element of intent to use." Nixon v. State, 680 So. 2d 506, 507 (Fla. 1st DCA 1996) (citing Steele v. State, 561 So.

---

[1] Inexplicably, the State repeatedly asserts in its answer brief that the jury convicted Appellant for possession of a controlled substance. The State did not correct this mistake despite Appellant's reference to the same in his reply brief.

2

2d 638 (Fla. 1st DCA 1990)). However, if the alleged paraphernalia tests negative for drug residue, the State must introduce other evidence to demonstrate possession of the item with intent to use it for an illicit purpose. T.E.D. v. State, 627 So. 2d 118 (Fla. 5th DCA 1993).

Here, the officers neither testified that the dollar bill contained residue nor tested the dollar bill for the same. The officers' testimony that drug users commonly use rolled-up bills to inhale narcotics does not suffice to support a conviction for possession of drug paraphernalia under these circumstances. Although the officers did find methamphetamine in proximity to the alleged paraphernalia, the jury acquitted Appellant of the possession charge, and the State offered no further evidence to prove Appellant intended to use the dollar bill for an illicit purpose. See Williams v. State, 529 So. 2d 345, 348 (Fla. 1st DCA 1988) (reversing defendant's convictions for possession of a controlled substance and possession of paraphernalia where "[t]he state presented no evidence that [defendant] used or intended to use the scale for an illicit purpose. In fact, no trace of cocaine or any other illegal substance was found on the scale, nor did the state prove that the scale was 'designed for use in weighing or measuring controlled substances'"). Accordingly, we reverse and remand to the trial court with instructions to vacate Appellant's conviction and sentence for possession of drug paraphernalia.

REVERSED and REMANDED with Instructions.

PALMER and EDWARDS, JJ., concur.